NAME
PAUL JOSEPH LOMBARDI
PRISON NUMBER
V-42310

CURRENT ADDRESS OR PLACE OF CONFINEMENT

FOLSOM STATE PRISON
P.O. BOX 715071
CITY, STATE, ZIP CODE
REPRESA, CALIFORNIA 95671

**ORIGINAL**



**FILED**

JUN - 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

PAUL JOSEPH LOMBARDI,

(FULL NAME OF PETITIONER)

**PETITIONER**

v.

M. KRAMER, WARDEN

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

The Attorney General of the State of
California, Additional Respondent.

Civil No. **'08 CV 1025 H POR**

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:
   SUPERIOR COURT OF CALIFORNIA, SAN DIEGO COUNTY

2. Date of judgment of conviction: AUGUST 26, 2005

3. Trial court case number of the judgment of conviction being challenged:
   SAN DIEGO SUPERIOR COURT NO. SCD177650

4. Length of sentence: 37 YEARS TO LIFE.

CIV 68 (Rev. Dec. 1998)

::ODMA\PCDOCS\WORDPERFECT\22833\1

5. Sentence start date and projected release date: <u>EXACT DATES UNKNOWN</u>?

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   <u>CALIFORNIA PENAL CODE SECTIONS 664/207(A); 273.5(A); 667.5(B); 667(A)(1); 668; 1192.7(C); 667(B)-(I).</u>

7. What was your plea? (CHECK ONE)
   (a) Not guilty        [X]
   (b) Guilty            [ ]
   (c) Nolo contendere   [ ]

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury        [X]
   (b) Judge only  [ ]

9. Did you testify at the trial?
   [X] Yes  [ ] No

### DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    [X] Yes  [ ] No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a) Result: <u>CONVICTION AFFIRMED</u>.
    (b) Date of result, case number and citation, if known:
        <u>JANUARY 16, 2007   CASE NO. D047173</u>
    (c) Grounds raised on direct appeal:
        <u>TRIAL COURT ERRED IN PERMITTING THE PROSECUTION TO OFFER EVIDENCE OF PRIOR ACTS OF DOMESTIC VIOLENCE & KIDNAPPING; INSTRUCTIONAL ERROR.</u>

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a) Result: <u>PETITION FOR REVIEW DENIED</u>.
    (b) Date of result, case number and citation, if known: <u>INFORMATION NOT KNOWN</u>?
    (c) Grounds raised:
        <u>TRIAL COURT ERRED IN PERMITTING THE PROSECUTION TO OFFER EVIDENCE OF PRIOR ACTS OF DOMESTIC VIOLENCE & KIDNAPPING; INSTRUCTIONAL ERROR.</u>

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition: NOT APPLICABLE

    (a) Result: NOT APPLICABLE

    (b) Date of result, case number and citation, if known: NOT APPLICABLE

    (c) Grounds raised: NOT APPLICABLE

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes ☒ No

15. If your answer to #14 was "Yes," give the following information: NOT APPLICABLE

    (a) **California Superior Court** Case Number: NOT APPLICABLE

    (b) Nature of proceeding: NOT APPLICABLE

    (c) Grounds raised: NOT APPLICABLE

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

    (e) Result: _____ NOT APPLICABLE _____

    (f) Date of result: _____ NOT APPLICABLE _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes ☒ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number: _____ NOT APPLICABLE _____

    (b) Nature of proceeding: _____ NOT APPLICABLE _____
                         NOT APPLICABLE

    (c) Grounds raised:

                         NOT APPLICABLE

                         NOT APPLICABLE

                         NOT APPLICABLE

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes  ☒ No

    (e) Result: _____ NOT APPLICABLE _____

    (f) Date of result: _____ NOT APPLICABLE _____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☐ Yes  ☒ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: _____ NOT APPLICABLE _____

    (b) Nature of proceeding: _____ NOT APPLICABLE _____
                         NOT APPLICABLE

    (c) Grounds raised:

                         NOT APPLICABLE

                         NOT APPLICABLE

                         NOT APPLICABLE

                         NOT APPLICABLE

    (d) Did you receive an evidentiary hearing on your petition, application or motion?

        ☐ Yes  ☒ No

    (e) Result: _____ NOT APPLICABLE _____

    (f) Date of result: _____ NOT APPLICABLE _____

20. If you did **not** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not: NOT APPLICABLE

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
[X] Yes [_] No    (IF "YES" SKIP TO #22)
   (a) If no, in what federal court was the prior action filed?
     (i) What was the prior case number? _____ NOT APPLICABLE _____
     (ii) Was the prior action (CHECK ONE):
       ☐ Denied on the merits?
       ☐ Dismissed for procedural reasons?
     (iii) Date of decision: _____ NOT APPLICABLE _____
   (b) Were any of the issues in this current petition also raised in the prior federal petition?
     ☐ Yes ☐ No
   (c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
     ☐ Yes ☐ No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present **all** other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**:

THE TRIAL COURT VIOLATED APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW A FAIR TRIAL BY PERMITTING THE USE PRIOR CRIMES EVIDENCE TO SHOW PROPENSITY TO COMMIT A CHARGED CRIME.

Supporting FACTS (state *briefly* without citing cases or law)

ON JULY 14 & 15, 2005, MOTIONS IN LIMINE WERE HELD PURSUANT TO CALIFORNIA PENAL CODE SECTION 402. APPELLANT'S ATTORNEY INTERPOSED AN OBJECTION TO THE PROSECUTION'S REQUEST TO ADMIT, PURSUANT TO EVIDENCE CODE SECTION 1109, ALLEGED PRIOR ACTS OF DOMESTIC VIOLENCE AGAINST THE COMPLAINING WITNESS IN THE INSTANT CASE, HIS WIFE, LISA POND, AND HIS ALLEGED PRIOR ACTS OF DOMESTIC VIOLENCE AGAINST TWO OTHER WOMEN, HIS EX-WIFE, KAREN LOMBARDI, AND HIS EX-GIRLFRIEND, TIFFANY PELKEY. (RT: 1-47.) THE PROSECUTION ALSO ASKED THE TRIAL COURT TO ALLOW THEM TO PRESENT EVIDENCE OF A PRIOR KIDNAPPING AND ATTEMPTED KIDNAPPING COMMITTED BY APPELLANT AGAINST HIS FORMER WIFE KAREN LOMBARDI PURSUANT TO EVIDENCE CODE SECTION 1101, SUBDIVISION (B), ARGUING THAT IT WAS RELEVANT TO SHOW APPELLANT'S INTENT IN THE INSTANT CASE. (RT: 1-13.) APPELLANT'S ATTORNEY OBJECTED TO ADMISSION OF THIS EVIDENCE AS WELL. THE TRIAL COURT OVERRULED APPELLANT'S OBJECTION AND RULED THAT THE PRIOR ACTS OF DOMESTIC VIOLENCE AND THE 1101, SUBDIVISION (B) EVIDENCE WOULD BE ALLOWED. (RT: 17, 43, 47.) THE TRIAL COURT RULED THAT THE PRIOR ACTS AGAINST TIFFANY PELKEY WERE ADMISSIBLE PURSUANT TO EVIDENCE CODE SECTION 1109, AND THAT THE PROBATIVE VALUE OF THE EVIDENCE OUTWEIGHED ANY POSSIBLE UNDUE PREJUDICE PURSUANT TO EVIDENCE

Did you raise <u>GROUND ONE</u> in the California Supreme Court?
[X] Yes [ ] No.

**(a) GROUND ONE:**     <u>**GROUNDS FOR RELIEF**</u>

CODE SECTION 352. (RT: 17.) THE TRIAL COURT FURTHER RULED THAT THE PRIOR KIDNAPPING AND ATTEMPTED KIDNAPPING AGAINST APPELLANT'S EX-WIFE, KAREN LOMBARDI WERE ADMISSIBLE PURSUANT TO EVIDENCE CODE SECTION 1101, SUBDIVISION (B) AND THAT THE PROBATIVE VALUE OF THE EVIDENCE OUTWEIGHED ANY POSSIBLE UNDUE PREJUDICE PURSUANT TO EVIDENCE CODE SECTION 352, AND THE COURT NOTED THAT IT BELIEVED THE EVIDENCE WAS PROBABLY ADMISSIBLE UNDER EVIDENCE CODE SECTION 1109 AS WELL. (RT: 47.) THE TRIAL COURT ALSO AGREED THAT THE PROSECUTION COULD ELICIT TESTIMONY FROM KAREN LOMBARDI AS TO THE PRIOR DOMESTIC VIOLENCE APPELLANT ALLEGEDLY COMMITTED AGAINST HER BECAUSE THIS TESTIMONY WOULD BE NECESSARY TO EXPLAIN TO THE JURY WHY SHE LEFT APPELLANT IN THE FIRST PLACE. (RT: 43-44.) APPELLANT CONTENDS THE TRIAL COURT ERRED BY ADMITTING EVIDENCE, THROUGH THE TESTIMONY OF TWO WOMEN, OTHER THAN THE COMPLAINING WITNESS IN THE INSTANT CASE, DESCRIBING ACTS OF DOMESTIC VIOLENCE THAT APPELLANT ALLEGEDLY COMMITTED AGAINST THEM IN THE PAST, AND BY ADMITTING EVIDENCE THROUGH THE TESTIMONY OF ONE OF THESE WOMEN, DESCRIBING HER PRIOR KIDNAPPING BY APPELLANT, APPELLANT SUBMITS THAT THIS EVIDENCE WAS MORE PREJUDICIAL THAN PROBATIVE, THESE ACTS WERE REMOTE IN TIME, THUS THEY SHOULD HAVE BEEN EXCLUDED, AND BECAUSE ADMITTING THIS EVIDENCE RESULTED IN AN UNDUE CONSUMPTION OF TIME. THUS, THESE PRIOR BAD ACTS WERE INADMISSIBLE PURSUANT TO EVIDENCE CODE SECTION 352. THE PRIOR ACTS OF DOMESTIC VIOLENCE TESTIFIED TO BY TIFFANY PELKEY, A FORMER GIRLFRIEND OF APPELLANT OCCURRED ABOUT TEN YEARS PRIOR TO THE INCIDENT WITH MS. POND, IN THE INSTANT CASE, AND THE PRIOR KIDNAPPING TESTIFIED TO BY MS. KAREN LOMBARDI, APPELLANT'S EX-WIFE, OCCURRED ABOUT TWENTY ONE YEARS PRIOR TO THE INCIDENT AGAINST MS. POND IN THE INSTANT CASE. CONSEQUENTLY, THESE PRIOR ACTS WERE VERY REMOTE IN TIME. MOREOVER, THE TESTIMONY OF THESE TWO WOMEN DESCRIBED ACTS OF DOMESTIC VIOLENCE AND KIDNAPPING THAT WERE FAR MORE EGREGIOUS AND INFLAMMATORY THAN THE CRIMES WITH WHICH APPELLANT WAS CHARGED WITH IN THE INSTANT CASE AND THE TESTIMONY ABOUT THESE PRIOR INCIDENTS WERE EXTENSIVE. THEREFORE, APPELLANT BELIEVES HE WAS UNFAIRLY PREJUDICED AS A RESULT OF THE ADMISSION OF THIS HIGHLY INFLAMMATORY EVIDENCE AND IT IS LIKELY THAT THE JURY CONVICTED HIM OF THE CHARGES IN

(a) **GROUND ONE**:    **GROUNDS FOR RELIEF**

THIS CASE BECAUSE ITS PASSIONS WERE INFLAMED AS A RESULT OF THIS IMPROPER ADMISSION OF EVIDENCE. THE COURT OF APPEAL FOUND THAT THESE INCIDENTS WERE ADMISSIBLE UNDER EVIDENCE CODE SECTION 1109, AND THAT THEY WERE NOT BARRED BY EVIDENCE CODE SECTION 1101 OR 352 BECAUSE THE PROBATIVE VALUE OF THIS EVIDENCE WAS SUBSTANTIAL AND NOT MORE PREJUDICIAL THAT PROBATIVE. (SEE COURT OF APPEAL DECISION AT PAGES 5-7.) IN ADDITION, THE COURT OF APPEAL FOUND THAT THE CASE CITED BY APPELLANT IN SUPPORT OF HIS POSITION ON DIRECT APPEAL WAS MORE PREJUDICIAL THAN PROBATIVE, AND WAS DISTINGUISHABLE FROM APPELLANT'S CASE. (SEE COURT OF APPEAL DECISION AT PAGES 7-8.) THE APPELLATE COURT FOUND THAT THE PRIOR INCIDENTS AND THE INCIDENT THAT FORMED THE SUBSTANCE OF THE CRIMINAL CHARGE IN THE INSTANT CASE WERE OF THE SAME CHARACTER AND WERE SUFFICIENTLY SIMILAR TO EACH OTHER BECAUSE THEY INVOLVED ABUSE, THREATS, AND VIOLENCE AGAINST A DOMESTIC PARTNER ATTEMPTING TO END A RELATIONSHIP WITH APPELLANT. (SEE COURT OF APPEAL DECISION AT PAGE 8.) BASED UPON THESE SIMILARITIES, THE APPELLATE COURT FOUND THAT THERE WAS NO DISPARITY BETWEEN THE PRIOR INCIDENTS AND THE CRIMES WITH WHICH APPELLANT WAS CHARGED IN THE INSTANT CASE. THE SIMILARITIES MENTIONED BY THE APPELLATE COURT AS SUPPORT FOR ITS DECISION THAT THE PRIOR INCIDENTS WERE ADMISSIBLE ARE BROAD SWEEPING GENERALITIES THAT DO NOT DEMONSTRATE SUFFICIENT SIMILARITY TO JUSTIFY ADMISSION. THE PRIOR INCIDENTS ADMITTED AGAINST APPELLANT INVOLVED THE USE OF WEAPONS UNLIKE THE CURRENT INCIDENT IN WHICH NO WEAPON WAS USED. (RT: 334-338.) ONE OF THE PRIOR INCIDENTS IN AN ACCUSATION THAT APPELLANT HAD HELD A KNIFE AGAINST HIS FORMER WIFE'S THROAT, AND USED HER TO PROTECT HIMSELF FROM A POLICE OFFICER, WHO WAS POINTING A GUN AT HIM AND ANOTHER INCIDENT INVOLVING THE SAME FORMER WIFE, AN ACCUSATION THAT APPELLANT TOOK HER AT KNIFE POINT AND DROVE HER TO A MOTEL AND RAPED HER. (RT: 334-338.) CONSEQUENTLY, THE JURY COULD LIKELY HAVE FELT THAT APPELLANT WAS NOT SUFFICIENTLY PUNISHED FOR THE PRIOR INCIDENT IN WHICH HE <u>ALLEGEDLY</u> RAPED HIS FORMER WIFE. MOREOVER, THE INSTANT CASE INVOLVED NO KNIFE OR ALLEGED RAPE. (RT: 74-79.) THEREFORE, THE COURT OF APPEAL ERRED BY FINDING THIS EVIDENCE TO BE ADMISSIBLE BECAUSE THERE WAS A GREAT RISK THAT THE JURY WOULD BE UNDULY INFLAMED BY THESE PRIOR

(a) GROUND ONE:          **GROUNDS FOR RELIEF**

INCIDENTS, AND IT IS LIKELY THAT THE JURY WAS SO INFLAMED BY ITS EXPOSURE TO THIS HIGHLY PREJUDICIAL EVIDENCE THAT IT CONVICTED APPELLANT BASED UPON THIS INADMISSIBLE TESTIMONY ALONE. THERE WAS TESTIMONY THAT MS. PELKEY DID NOT HAVE ANY POLICE REPORTS OR MEDICAL RECORDS TO SUBSTANTIATE HER CLAIM, AND SHE HAD LEFT HER YOUNG SON IN APPELLANT'S CARE WHILE SHE WAS IN A DRUG REHABILITATION PROGRAM. (RT: 317, 323.) FURTHERMORE, MS. POND DID NOT CALL THE POLICE AND REPORT ANY OF THE PRIOR DOMESTIC VIOLENCE INCIDENTS. (RT: 98-100.) AND MS. KIMBERLY HUSBAND WHOSE ROOMMATE WAS APPELLANT'S FRIEND TESTIFIED THAT APPELLANT AND MS. POND SEEMED TO GET ALONG WHEN SHE SAW THEM. (RT: 390.) THUS, APPELLANT SUBMITS THAT THE TRIAL COURT'S ADMISSION OF PRIOR BAD ACTS EVIDENCE DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW AND A FAIR TRIAL. THUS, THE WRIT SHOULD ISSUE.

///.

INSTRUCTIONAL ERROR THAT RELIEVED THE PROSECUTION OF ITS BURDEN OF PROOF; INSTRUCTIONAL ERROR THAT DID NOT PROPERLY SET FORTH THE ELEMENTS OF ATTEMPTED KIDNAPPING; FAILURE OF TRIAL COURT TO INSTRUCT SUA SPONTE ON LESSER INCLUDED OFFENSES IN VIOLATION OF APPELLANT'S FIFTH, SIXTH AND FOURTEENTH AMENDMENT RIGHTS.

Supporting FACTS (state *briefly* without citing cases or law):

ON JULY 19, 2005, DURING THE JURY INSTRUCTION'S DISCUSSION, APPELLANT'S ATTORNEY INTERPOSED AN OBJECTION TO A MODIFIED JURY INSTRUCTION OFFERED BY THE PROSECUTION THAT COMBINED CALJIC NO. 9.50, THE KIDNAPPING INSTRUCTION, WITH CALJIC NO. 6.00, THE ATTEMPT JURY INSTRUCTION. THE TRIAL COURT OVERRULED APPELLANT'S OBJECTION AND GAVE THE QUESTIONABLE JURY INSTRUCTION. (RT: 430-432.) ON JULY 20, 2005, THE JURY SENT A NOTE TO THE TRIAL COURT, WHICH STATED THE FOLLOWING: "IN CALJIC NO. 9.50, 6.00, FIRST PAGE, FOURTH PARAGRAPH, THE SENTENCE STATES THAT EVERY PERSON WHO UNLAWFULLY AND WITH PHYSICAL FORCE ATTEMPTS TO STEAL OR TAKE, OR HOLD ... AND CARRY THAT PERSON ... (EMPHASIS ADDED) IS IT CORRECT THAT THE PERSON ONLY NEEDS TO [ATTEMPT TO CARRY] OR MUST THEY CARRY THE PERSON? (CT: 129, RT: 613.) THE TRIAL COURT HEARD ARGUMENT FROM BOTH COUNSEL AS TO WHAT RESPONSE SHOULD BE GIVEN. (RT: 613-627.) APPELLANT ARGUED THAT ATTEMPTED KIDNAPPING REQUIRES SOME MOVEMENT, BUT THAT THE MOVEMENT REQUIRED WOULD FALL SHORT OF THE MOVEMENT REQUIRED TO BE PROVEN FOR A COMPLETED KIDNAPPING. (RT: 616-629.) THE PROSECUTION DISAGREED AND ARGUED THAT IT NEED ONLY BE PROVEN THAT APPELLANT HAD THE INTENT TO MOVE MS. POND A SUBSTANTIAL DISTANCE AND THAT NO ACTUAL MOVEMENT WAS REQUIRED TO PROVE AN ATTEMPTED KIDNAPPING CHARGE. (RT: 618.) THE TRIAL COURT AGREED WITH THE PROSECUTION AND ANSWERED THE JURY QUESTION AS FOLLOWS: IN RESPONSE TO YOUR NOTE CONCERNING CALJIC NO. 9.50 AND 6.00, PARAGRAPH FOUR IS CLARIFIED TO READ: "FOR PURPOSES OF THIS INSTRUCTION, EVERY PERSON WHO UNALWFULLY AND WITH PHYSICAL FORCE ATTEMPTS TO STEAL OR TAKE, OR ATTEMPTS TO HOLD, ATTEMPTS TO DETAIN, OR ATTEMPTS TO ARREST ANOTHER

Did you raise GROUND TWO in the California Supreme Court?
[X] Yes [ ] No.

**(b) GROUND TWO:**          **GROUNDS FOR RELIEF**

PERSON AND ATTEMPTS TO CARRY THAT PERSON WITHOUT HER CONSENT FOR A DISTANCE THAT IS SUBSTANTIAL IN CHARACTER, IS GUILTY OF THE CRIME OF ATTEMPTED KIDNAPPING IN VIOLATION OF PENAL CODE SECTION 664 AND 207, SUBDIVISION (A)." THIS PARAGRAPH IS TO BE CONSIDERED IN CONNECTION WITH THE OTHER PARAGRAPHS OF THIS INSTRUCTION. (RT: 626-627; CT: 177.) APPELLANT'S ATTORNEY OBJECTED TO THIS ANSWER AND THE TRIAL COURT OVERRULED HIS OBJECTION. (RT: 626.) SEVEN MINUTES AFTER THE JURY RECEIVED THE TRIAL COURT'S ANSWER TO THEIR QUESTION, THEY RETURNED WITH GUILTY FINDINGS AS TO BOTH COUNTS. (CT: 178-180.) ON AUGUST 25, 2005, APPELLANT'S ATTORNEY FILED A MOTION FOR A NEW TRIAL ARGUING THAT THE TRIAL COURT ERRED IN ANSWERING THE JURY QUESTION, AND MISLED THE JURY AS TO THE CORRECT STATEMENT OF LAW ON ATTEMPTED KIDNAPPING WHEN IT INSTRUCTED THEM WITH THE PROSECUTION CREATED JURY INSTRUCTIONS, WHICH COMBINED CALJIC NO. 6.00 AND CALJIC NO. 9.50. (CT: 114-120.) APPELLANT SUBMITS THE TRIAL COURT ERRED WHEN IT IMPROPERLY INSTRUCTED THE JURY WITH A MODIFIED HYBRID ATTEMPTED JURY INSTRUCTION, WHICH ESSENTIALLY FAILED TO SET FORTH THE ELEMENTS OF THIS CHARGE, THUS, THE COURT COMPOUNDED THIS ERROR BY ANSWERING THE JURY QUESTION ABOUT THIS INSTRUCTION IMPROPERLY. IN THIS CASE, THE JURY WAS GIVEN AN INSTRUCTION THAT COMBINED THE BASIS ATTEMPT INSTRUCTION WITH THE SIMPLE KIDNAPPING INSTRUCTION OVER DEFENSE OBJECTION. THE INSTRUCTION WAS GIVEN AS FOLLOWS: DEFENDANT IS ACCUSED IN COUNT ONE OF HAVING COMMITTED THE CRIME OF ATTEMPTED KIDNAPPING, A VIOLATION OF SECTIONS 664 AND 207, SUBDIVISION (A) OF THE PENAL CODE. AN ATTEMPT TO COMMIT A CRIME CONSISTS OF TWO ELEMENTS, NAMELY A SPECIFIC INTENT TO COMMIT THE CRIME, AND A DIRECT BUT INEFFECTUAL ACT DONE TOWARDS ITS COMMISSION. IN DETERMINING WHETHER THIS ACT WAS DONE, IT IS NECESSARY TO DISTINGUISH BETWEEN MERE PREPARATION, ON THE ONE HAND, AND THE ACTUAL COMMENCEMENT OF THE DOING OF THE CRIMINAL DEED, ON THE OTHER. MERE PREPARATION, WHICH MAY CONSIST OF PLANNING THE OFFENSE OR OF DEVISING, OBTAINING OR ARRANGING THE MEANS FOR ITS COMMISSION, IT IS NOT SUFFICIENT TO CONSTITUTE AN ATTEMPT. HOWEVER, ACTS OF A PERSON WHO INTENDS TO COMMIT

-7-

**(b) GROUND TWO:**          **GROUNDS FOR RELIEF**

A CRIME WILL CONSTITUTE AN ATTEMPT WHERE THOSE ACTS CLEARLY INDICATE A CERTAIN, UNAMBIGUOUS INTENT TO COMMIT THAT SPECIFIC OFFENSE. THESE ACTS MUST BE AN IMMEDIATE STEP IN THE PRESENT EXECUTION OF THE CRIMINAL DESIGN. THE PROCESS OF WHICH WOULD BE COMPLETED UNLESS INTERRUPTED BY SOME CIRCUMSTANCE NOT INTENDED IN THE ORIGINAL DESIGN. FOR THE PURPOSE OF THIS INSTRUCTION, EVERY PERSON WHO UNLAWFULLY AND WITH PHYSICAL FORCE ATTEMPTS TO STEAL OR TAKE, OR HOLD, DETAIN, OR ARREST ANOTHER PERSON AND CARRY THAT PERSON WITHOUT HER CONSENT FOR A DISTANCE THAT IS SUBSTANTIAL IN CHARACTER, IS GUILTY OF THE CRIME OF ATTEMPTED KIDNAPPING IN VIOLATION OF PENAL CODE SECTION 664 AND 207, SUBDIVISION (A). A MOVEMENT THAT IS ONLY FOR A SLIGHT OR TRIVIAL DISTANCE IS NOT SUBSTANTIAL IN CHARACTER. IN DETERMINING WHETHER A DISTANCE THAT IS MORE THAN SLIGHT OR TRIVIAL IS SUBSTANTIAL IN CHARACTER, YOU SHOULD CONSIDER THE TOTALITY OF THE CIRCUMSTANCES ATTENDING THE MOVEMENT, INCLUDING, BUT NOT LIMITED TO, THE ACTUAL DISTANCE MOVED, WHETHER THE MOVEMENT INCREASED THE RISK OF HARM ABOVE THAT WHICH EXISTED PRIOR TO THE MOVEMENT OR DECREASED THE LIKELIHOOD OF DETECTION, OR INCREASED BOTH THE DANGER INHERENT IN A VICTIM'S FORESEEABLE ATTEMPT TO ESCAPE AND THE ATTACKER'S ENHANCED OPPORTUNITY TO COMMIT ADDITIONAL CRIMES. IN ORDER TO PROVE THIS CRIME, EACH OF THE FOLLOWING ELEMENTS MUST BE PROVED: 1. THE DEFENDANT ATTEMPTED TO UNLAWFULLY MOVE THE VICTIM BY USE OF PHYSICAL FORCE; 2. THE ATTEMPTED MOVEMENT OF THE VICTIM WOULD HAVE BEEN WITHOUT HER CONSENT; AND 3. THE ATTEMPTED MOVEMENT OF THE OTHER PERSON IN DISTANCE WOULD HAVE BEEN SUBSTANTIAL IN CHARACTER. THE STATE COURT OF APPEAL RULED THAT THE TRIAL COURT DID NOT ERR IN GIVING THIS HYBRID INSTRUCTION BECAUSE IT FULLY ADVISED THE JURY OF THE NEED TO FIND THAT APPELLANT'S INTENT TO MOVE MS. POND A SUBSTANTIAL DISTANCE IN ORDER TO FIND HIM GUILTY OF ATTEMPTED KIDNAPPING AND BECAUSE IT DID NOT RELIEVE THE PROSECUTION OF ITS BURDEN OF PROVING ANY ELEMENT. (SEE COURT OF APPEAL DECISION AT PAGE 10.) APPELLANT CONTENDS THE APPELLATE COURT ERRED BECAUSE THE TRIAL COURT'S ACTION IN COMBINING THE BASIC ATTEMPT INSTRUCTION WITH THE KIDNAPPING INSTRUCTION CONFUSED THE JURY AND RELIEVED THE

**(b) GROUND TWO:**          **GROUNDS FOR RELIEF**

PROSECUTION OF THE BURDEN OF PROVING AN ESSENTIAL ELEMENT OF KIDNAPPING, NAMELY THAT APPELLANT SPECIFICALLY INTENDED TO MOVE MS. POND A SUBSTANTIAL DISTANCE, AND THAT THIS DISTANCE WOULD BE MORE THAN THAT WHICH WOULD HAVE BEEN INCIDENTAL TO THE ASSOCIATED DOMESTIC VIOLENCE CHARGE. THIS IS BECAUSE THE ELEMENTS LISTED IN THE COMBINED JURY INSTRUCTION GIVEN BY THE TRIAL COURT DID NOT STATE THAT APPELLANT HAD TO SPECIFICALLY INTEND TO MOVE MS. POND A SUBSTANTIAL DISTANCE. CONSEQUENTLY, THIS ERRONEOUS INSTRUCTION RELIEVED THE PROSECUTION OF ITS BURDEN OF PROVING AN ELEMENT OF THE OFFENSE AND THUS, VIOLATED APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION. THUS, IF THIS COURT AGREES THAT THERE WAS FEDERAL CONSTITUTIONAL INSTRUCTIONAL ERROR, PETITIONER HAS DEMONSTRATED HIS ENTITLEMENT TO RELIEF.

A.   THE TRIAL COURT ERRED BY FAILING TO INSTRUCT SUA SPONTE THE JURY ON THE CRIMES OF FELONY AND MISDEMEANOR FALSE IMPRISONMENT BECAUSE THESE CRIMES ARE LESSER - INCLUDED OFFENSES OF ATTEMPTED KIDNAPPING.

THE TRIAL COURT ERRED BY FAILING TO INSTRUCT SUA SPONTE THE JURY TO GIVE THE JURY INSTRUCTIONS ON THE FALSE IMPRISONMENT BECAUSE IT IS A LESSER - INCLUDED OF ATTEMPTED KIDNAPPING. CALIFORNIA LAW REQUIRES A TRIAL COURT, SUA SPONTE, TO INSTRUCT FULLY ON ALL LESSER NECESSARILY INCLUDED OFFENSES SUPPORTED BY THE EVIDENCE. IN THE CASE AT BAR, THE CALIFORNIA COURT OF APPEAL FOUND THAT THE TRIAL COURT HAD NO SUCH DUTY, BECAUSE THERE WAS NO EVIDENCE IN THE RECORD TO SUPPORT A CONVICTION OF FALSE IMPRISONMENT. (SEE COURT OF APPEAL DECISION AT PAGES 12-13.) THE APPELLATE COURT FOUND THAT THE EVIDENCE OF FALSE IMPRISONMENT WAS LACKING BECAUSE THERE WAS NOTING IN THE RECORD TO SUGGEST THAT APPELLANT EVER HAD SUFFICIENT CONTROL OVER MS. POND TO ESTABLISH THIS CRIME. APPELLANT SUBMITS THE COURT OF APPEAL IS INCORRECT BECAUSE THERE WAS EVIDENCE TO SUPPORT FALSE IMPRISONMENT. MS. POND TESTIFIED THAT DURING THE INCIDENT APPELLANT GRABBED HER AND TRIED TO PULL HER FROM THE CAR AND THAT HE TOUCHED HER FACE, NECK, HAIR AND ARM, WHILE TRYING TO PULL HER OUT. (RT: 74-76.) MS. POND TESTIFIED THAT APPELLANT

**(b) GROUND TWO:**          **GROUNDS FOR RELIEF**

THEN CLIMBED INTO THE DRIVER'S SEAT OF THE CAR AND TRIED TO START THE CAR AND THAT SHE MOVED TO THE PASSENGER SIDE AND TRIED TO GET OUT OF THE CAR. IT TOOK MS. POND A FEW MINUTES TO BE ABLE TO GET OUT OF HE CAR AND SHE HAD TO KICK THE HORN TO ATTRACT HER FAMILY, PRESUMABLY, BECAUSE SHE COULDN'T GET OUT OF THE CAR. (RT: 118-120.) THERE WAS ALSO TESTIMONY THAT APPELLANT HAD BOTH HANDS AROUND POND'S NECK AT ONE POINT. (RT: 88-89.) THERE WAS EVIDENCE PRESENTED THAT APPELLANT WAS HOLDING MS. POND AGAINST THE OUTSIDE OF THE CAR DURING THE INCIDENT AND THAT IT APPEARED AS IF HE WOULD NOT LET GO. (RT: 249.) APPELLANT BELIEVES THERE WAS SUBSTANTIAL EVIDENCE TO SUPPORT THE CHARGE OF FALSE IMPRISONMENT, CONTRARY TO THE APPELLATE COURT'S FINDING. THUS, IT WAS ERROR FOR THE APPELLATE COURT TO FIND THAT THE TRIAL COURT WAS NOT REQUIRED TO INSTRUCT, SUA SPONTE THE JURY ON THE LESSER INCLUDED OFFENSES OF MISDEMEANOR AND FELONY FALSE IMPRISONMENT. THUS, THE WRIT SHOULD ISSUE.
///.

(c) **GROUND THREE**:


**Supporting FACTS** (state *briefly* without citing cases or law):


**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

**(d) GROUND FOUR:**

**Supporting FACTS** (state *briefly* without citing cases or law):

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☒ No

24. If your answer to #23 is "Yes," give the following information:
   (a) Name of Court: _____ NOT APPLICABLE _____
   (b) Case Number: _____ NOT APPLICABLE _____
   (c) Date action filed: _____ NOT APPLICABLE _____
   (d) Nature of proceeding: _____ NOT APPLICABLE _____
   _____ NOT APPLICABLE _____

   (e) Grounds raised:
   _____ NOT APPLICABLE _____
   _____ NOT APPLICABLE _____
   _____ NOT APPLICABLE _____
   _____ NOT APPLICABLE _____

   (f) Did you receive an evidentiary hearing on your petition, application or motion?
   ☐ Yes  ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing: TAMARA RICE LAVE, PUBLIC DEFENDER

   (b) At arraignment and plea: GERALD E. SMITH, PRIVATELY RETAINED COUNSEL

   (c) At trial: GERALD E. SMITH, PRIVATELY RETAINED COUNSEL

   (d) At sentencing: GERALD E. SMITH, PRIVATELY RETAINED COUNSEL

   (e) On appeal: DENISE M. RUDASILL, STATE APPOINTED APPELLATE ATTORNEY
   (f) In any post-conviction proceeding: NOT APPLICABLE

   (g) On appeal from any adverse ruling in a post-conviction proceeding: NOT APPLICABLE

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
[X] Yes [ ] No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
[ ] Yes [X] No

   (a) If so, give name and location of court that imposed sentence to be served in the future:
   NOT APPLICABLE

   (b) Give date and length of the future sentence: ____ NOT APPLICABLE
   NOT APPLICABLE

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   [ ] Yes [X] No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:
_____

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_June 3, 2004_                    _Paul Lombardi_
(DATE)                           SIGNATURE OF PETITIONER

### *** PRAYER FOR RELIEF ***

WHEREFORE, FOR THE REASONS SET FORTH HEREIN AND IN THE DOCUMENTS INCORPORATED BY REFERENCE, PETITIONER RESPECTFULLY REQUESTS THAT THE COURT:

(1) ORDER AN EVIDENTIARY HEARING AND APPOINT COUNSEL FOR PETITIONER;

(2) GRANT THE WRIT OF HABEAS CORPUS, REVERSE PETITIONER'S CONVICTION, AND ORDER A NEW TRIAL;

(3) APPOINT COUNSEL FOR PETITIONER; AND

(4) GRANT ALL OTHER APPROPRIATE RELIEF.

DATED: _June 3_, 2008

PAUL JOSEPH LOMBARDI,
PETITIONER-APPELLANT

PROCEEDING IN PROPRIA PERSONA

///.

**ORIGINAL**

PAUL JOSEPH LOMBARDI
C.D.C. NO. V-42310
FOLSOM STATE PRISON
P.O. BOX 715071
REPRESA, CA 95617

IN PROPRIA PERSONA

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PAUL JOSEPH LOMBARDI,          )
                               )
            PETITIONER,        )      TABLE OF CASES IN SUPPORT
                               )      OF PETITIONER'S WRIT OF
   v.                          )      HABEAS CORPUS 28 U.S.C.
                               )      § 2254; AND CORRESPONDING
M. KRAMER, WARDEN,             )      CONSTITUTIONAL PROVISIONS
                               )
            RESPONDENT.        )
_____)

TABLE OF CASES IN SUPPORT OF

PETITIONER'S WRIT OF HABEAS CORPUS

SUPPORTING CASES FOR GROUND ONE

1. ESTELLE V. MCGUIRE, 502 U.S. 62, 75 N. 5 (1991)

2. GARCEAU V. WOODFORD, 275 F.3D 769, 775-777 (9TH CIR. 2001)

3. HARRISON'S TRIAL, 12 HOW. ST. TR. 834, 864 (OLD BAILEY 1692)

4. MCKINNEY V. REES, 993 F.2D 1378, 1380-1382 (9TH CIR. 1993)

5. MICHELSON V. UNITED STATES, 335 U.S. 469, 475-476 (1948)

6. OLD CHIEF V. UNITED STATES, 519 U.S. 172, 180-182 (1997)

7. SMITH V. PLILER, 278 F.SUPP. 2D 1060, 1074-1075 (2003)

8. SMITH V. ROE, 232 F.SUPP. 2D 1073, 1086-1089 (2002)

SUPPORTING CASES FOR GROUND TWO

10. BECK V. ALABAMA, 447 U.S. 625, 638 (1980)

11. BRADLEY V. DUNCAN, 315 F.3D 1091 (2002)

12. CARELLA V. CALIFORNIA, 491 U.S. 263, 265 (1989)

13. ESTELLE V. MCGUIRE, 502 U.S. 62, 69 (1991)

14. KEEBLE V. UNITED STATES, 412 U.S. 205, 212 (1973)

15. MATHEWS V. UNITED STATES, 485 U.S. 58, 63 (1988)

16. MCNEIL V. MIDDLETON, 344 F.3D 988, 997 (2003)

17. OSBORNE V. OHIO, 495 U.S. 103, 123-125 (1990)

18. PATTERSON V. NEW YORK, 432 U.S. 197, 210 (1977)

19. ROSE V. CLARK, 478 U.S. 570, 577 (1986)

20. SULLIVAN V. LOUISIANA, 508 U.S. 275, 278 (1993)

21. UNITED STATES V. GAUDIN, 515 U.S. 506 (1995)

22. VICKER'S V. RICKETTS, 798 F.2D 369, (9TH CIR. 1986) CERT. DENIED

23. IN RE WINSHIP, 397 U.S. 358, 364 (1970)

CONSTITUTIONAL PROVISIONS

25. FIFTH AMENDMENT

26. SIXTH AMENDMENT

27. FOURTEENTH AMENDMENT

## VERIFICATION

(C.C.P. §§ 446, 2015.5; 28 U.S.C. § 1746)

1  I, __Paul Joseph Lombardi,__ declare under the penalty of perjury that:

2  I am the PLAINTIFF/PETITIONER in the attached; I have read the foregoing

3  document(s) and know the content(s) thereof; that the same is true of my own

4  personal knowledge, or upon information and belief which I believe to be true;

5  that if called to testify as to the contents thereof, I could do so competently

6  as a sworn witness. Executed on this __3__ day of __June__, 200$\overline{8}$ at

7  Folsom State Prison located in Represa, _____, California.

8                                                                    _Paul Lombardi_
                                                                     DECLARANT / IN PRO SE

9                      **PROOF OF SERVICE BY MAIL**

10                  (C.C.P. §§ 1013(a), 2015.5; 28 U.S.C. § 1746)

11

12  I, ____Paul Joseph Lombardi,____ hereby declare: That I am a resident of

13  __Represa_____, California; am over the age of eighteen (18)

14  years; I ___[am]___ a party to the above entitled action; My Mailing address is

15  __Folsom State Prison, P.O. Box 715071  Represa,_____, California.

16  I served the attached document(s) entitled: __28 USC S 2254 Petition for Writ__

17  __of Habeas Corpus; Exparte Application for Appointment of Counsel__

18  on the persons/parties specified below by placing a true and correct copy of said

19  documents into a sealed envelope(s) with the appropriate postage affixed thereto

20  and placing said envelopes into the United States Mail at: __Folsom State Prison__

21  __P.O. Box 715071   Represa,_____ California addressed as follows:

22  CLERK OF THE U.S. DISTRICT COURT          CALIFORNIA ATTORNEY GENERAL
    ROOM 4290                                 SAN DIEGO OFFICE
23  880 FRONT STREET                          110 WEST "A" STREET., SUITE 1100
    SAN DIEGO, CA 92101-8900                  SAN DIEGO, CA 92101

24  I declare under the penalty of perjury under the laws of the State of

25  California the foregoing is true & correct and that this declaration was executed

26  on __3__ day of __June__, 200$\overline{8}$ at __Represa._____, California.

27  Declarant/Pro/Se                          Signature _Paul Lombardi_

28

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Paul Joseph Lombardi

M. Kramer

**FILED**
JUN - 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO:
Court ___ Not Present

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Kern
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Paul Joseph Lombardi
PO Box 715071
Represa, CA 95671
V-42310

**ATTORNEYS (IF KNOWN)**

'08 CV 1025 H POR

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $   Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE   Docket Number

DATE   6/6/2008   SIGNATURE OF ATTORNEY OF RECORD   R. Mull