1  Paul Joseph Lombardi
   C.D.C. No. V-42310
2  Folsom State Prison
   P.O. Box 715071
3  Represa, California
               95671
4
   IN PROPRIA PERSONA
5



IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| PAUL JOSEPH LOMBARDI, | ) | '08 CV 1025 H POR |
|---|---|---|
| PETITIONER, | ) | Case No. _____ |
| vs. | ) | EX PARTE APPLICATION FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. § 3006(a)(2)(B) |
| M. KRAMER, WARDEN, | ) | |
| RESPONDENT. | ) | |

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 18 U.S.C. section 3006(a)(2)(B), Petitioner, respectfully applies for appointment of counsel.

This application is supported by the attached Memorandum of Points and Authorities and the attached declaration of Petitioner, Paul Joseph Lombardi.

DATED: 6-3-08 , 2008

Paul Joseph Lombardi,
Petitioner In Pro Se

(i)

1  Paul Joseph Lombardi
   C.D.C. No. V-42310
2  Folsom State Prison
   P.O. Box 715071
3  Represa, California
            95671
4
   IN PROPRIA PERSONA
5



FILED
JUN - 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| PAUL JOSEPH LOMBARDI, | ) | '08 CV 1025 H POR |
|---|---|---|
| PETITIONER, | ) | Case No. _____ |
| vs. | ) | MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF PETITIONER PAUL JOSEPH LOMBARDI |
| M. KRAMER, WARDEN, | ) | |
| RESPONDENT. | ) | |

TO THE ABOVE ENTITLED COURT:

Comes now, Paul Joseph Lombardi, petitioner in the above entitled matter, pursuant to 18 USC § 3006(a)(2)(B), and 28 USC § 1915(d), and moves the Court for assignment of counsel to assist petitioner in further litigation of this action.

This application is based upon the forthcoming facts, memorandum of points and authorities, the attached declaration of petitioner, as well as all other papers currently on file in this matter.

Petitioner is currently incarcerated at the California State Prison at Folsom.

1  Petitioner currently lacks any meaningful source of
2  income to utilize in employing services of Counsel to provide
3  experienced legal advice and skills to further the litigation of
4  this case.
5  Petitioner only has limited access to a law library and
6  other materials necessary to facilitate proper legal research; the
7  time permitted to study available legal materials is extremely
8  limited during access periods.
9  Petitioner is a layman at the law with little experience
10  in the complex and confusing methods of legal research, reasoning,
11  and writing. Petitioner has virtually no knowledge of proper
12  Federal Procedural Rules, Rules of Court, or Rules of Civil
13  Procedure which are a fundamental necessity and of critical
14  importance to proceed with important discovery and in obtaining
15  certain types of evidence petitioner believes may be pertinent
16  should this Court order an evidentiary hearing.
17  Petitioner does not know what papers should now be
18  filed or submitted to the court, to further the litigation in this
19  case. Petitioner has attempted to read and understand the Federal
20  Rules of Civil Procedure, but petitioner has been left predominantly
21  confused regarding appropriate action at this point.
22  Petitioner sincerely desires to pursue the above
23  entitled action and seek the relief requested in the original habeas
24  petition filed in this matter.
25  Petitioner has limited formal education and no
26  education in the law. Petitioner does not understand or comprehend
27  complex legal reasoning, standards, or language when attempting to
28  study case precedent, codes, statues, and other legal publications.

Petitioner was required to enlist assistance of fellow prisoners with limited knowledge of the law, in order to prepare and file the pleadings filed with this court; including this current Motion for Assignment of Counsel. The assistance of fellow prisoners is nearly non-existent due to confinement conditions of my current housing unit; in fact, it is primarily due to pre-printed forms available in the law library petitioner was able to submit the instant motion and other papers on file in this action.

<u>REASONS THE COURT SHOULD ASSIGN COUNSEL</u>

Petitioner is unable to employ counsel; (See Informa Pauperis application on file in the above -entitled action.)

The issues involved in this matter are complex and it is difficult for petitioner to understand how to further proceed to to press petitioner's claims to a final resolution.

The prison limits petitioner's access and time with law books and other legal materials necessary to facilitate proper legal research and drafting of papers.

Petitioner has very little legal experience and knowledge of the law.

The interests of justice and the economy of judicial resources would be best served by assignment of counsel to assist petitioner in this action.

Respectfully submitted,

DATED: _____, 20007

Paul Joseph Lombardi,
Petitioner In Pro Per

(iv)

dimension are at stake, a poor person's access to federal court must not be turned into an exercise of futility." See (Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir. 1983.)

Thus, even when there is no absolute right to counsel, if the circumstances of a particular case require a trained lawyers skills, the assistance of counsel may nevertheless be necessary. Id. at 764. Indeed, the problem of denying assistance to an indigent lay litigant in such a case "is compounded by the inequality which results" when the state is represented by counsel and the indigent is not: "[a]n underlying assumption of the adversarial system is that both parties will have roughly equal resources. This assumption is destroyed when only one side is represented. (Citation omitted)." Id. at 764, n. 3.) With these principles in mind, the Ninth Circuit Court of Appeals has observed that "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." (Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). See also (Maclin v. Freake, 650 F.2d 885 (7th Cir. 1981). Weygandt, thus articulates the two general parameters which this Court must consider in determining whether the interests of justice warrant appointment of counsel. First, the Court should consider "the likelihood of success on the merits," evaluating whether the merits of the indigent petitioner's claim are colorable. (Weygandt v. Look, supra, 718 F.2d at 954.) See also Merritt v. Faulkner, supra, 697 F.2d at 764-765; Maclin v. Freake, supra, 650 F.2d at 887.) Second, the court should consider "the ability of the indigent petitioner to articulate his claims." See

also (<u>Merritt v. Faulkner</u>, <u>supra</u>, 697 F.2d at 764-756; <u>Maclin v. Freake</u>, <u>supra</u>, 650 F.2d at 888). As the Fourth Circuit Court of Appeals has noted in applying the second factor, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." (<u>Gordon v. Leeke</u>, 574 F.2d 1147 (4th Cir.), cert. denied sub nom <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978).

> B. The Interests of Justice Warrant Appointment in This Case Because Petitioner Has Colorable Legal Claims He Is Incapable of Presenting Unaided By Counsel.

In accord with these guidelines, this Court should exercise its discretion and appoint counsel for petitioner in this case.

Petitioner is indigent. <u>See</u> In Forma Pauperis Application subsequently filed. This Court should determine that the federal constitutional claims raised by petitioner in this case are "legally cognizable" ones which will require the issuance of an order to show cause. Moreover, as explained in the petition and attachments there to, which were prepared by a third party on behalf of petitioner Paul Lombardi, <u>See</u> Lombardi Declartaion, <u>supra</u>, this case involves claims for which success on the merits is likely. It is equally clear, from a review of the pleadings in the present case, that the issues are complex, involving inter ilia, complex questions of constitutional jurisprudence, namely the question left open by the United States Supreme Court in (<u>Estelle v. McGuire</u>, 502 U.S. 62, 75, n.5 (1991), involving the admission of propensity evidence and whether the admission of such evidence would violate due process; constitutional instructional error with respect to a modified hybrid

1   jury instruction proposed by the prosecution, that
2   combined CALJIC No. 9.50, the kidnapping instruction and CALJIC No.
3   6.00, the basic attempt instruction, which did not properly set
4   forth the elements of attempted kidnapping, and compounding this
5   error with its response to the jury question regarding the proper
6   interpretation of this modified instruction; and whether the trial
7   court committed reversible error when it improperly instructed the
8   jury with respect to whether appellant specifically intended to
9   kidnap Ms. Pond, a necessary element of attempted kidnapping, and
10  because it thereby facilitated appellant's conviction for attempted
11  kidnapping without proof beyond a reasonable doubt, thus, relieving
12  the prosecution of its burden of proving beyond a reasonable doubt.
13      What is more, preparation of any Traverse in this case
14  will require extensive legal research and experience as to these
15  issues. According to petitioner Lombardi's declaration, he does not
16  have knowledge of legal principles, and lacks the ability to skill-
17  fully present his own case. Lombardi Declaration, supra.

*** CONCLUSION ***

Under these circumstances, petitioner Paul Joseph Lombardi, respectfully requests this Court grant his ex-parte application for appointment of counsel in these proceedings.

DATED: 6-3-08        , 2008          Respectfully submitted,

*Paul Lombardi*
Paul Joseph Lombardi,
Petitioner In Pro Se

DECLARATION OF PAUL JOSEPH LOMBARDI

I, am the petitioner in the above - captioned habeas petition in <u>Lombardi v. Kramer</u> . I am a layperson and am completely unschooled in the law.

In my opinion, there are meritorious grounds stated in my habeas corpus petition. However, due to my lack of knowledge of legal principles, I am unable to skillfully present my case. Thus, I am in need of legal counsel.

I represent to the Court that I am without money or means with which to employ an attorney, and so I am unable to financially to retain counsel for myself. I am currently being assisted by another inmate and could not have initiated this action without such assistance. That this person would not be able to provide me with adequate assistance in preparation of my briefs on appeal.

I have been unable to find anyone else who would assist me with this appeal. Without the assistance of counsel, I would not be able to properly present my case to this Honorable court. I have only a basic general education and no training or experience in law. The issues raised in this writ of habeas corpus are sufficiently complex, and the record in this matter is voluminous. In light of the length of petitioner's sentence, this Court should determine that the interests of justice require the appointment of counsel.

Therefore, I pray the Court to provide counsel on my behalf. I hereby declare under penalty of perjury that the foregoing facts are true and correct.

Executed on  6-3-08  , 2008, at Folsom State Prison, located in Represa, California, County of Sacramento.

Respectfully submitted,

*Paul Lombardi*
Paul Joseph Lombardi,
Petitioner In Pro Se

///.

(ix)