UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOSEPH LOMBARDI,<br><br>                            Petitioner,<br><br>       v.<br><br>M. KRAMER, Warden,<br><br>                            Respondent. | Civil No.   08cv1025-H (POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 2]** |

     On June 6, 2008, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and an ex parte application to appoint counsel. On June 11, 2008, the Honorable Marilyn L. Huff dismissed the case without prejudice for failing to pay the filing fee and move to proceed *in forma pauperis*. On June 16, 2008, Petitioner filed a motion for leave to proceed *in forma pauperis*, and his case was re-opened.

     The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th

1  Cir. 1994).

2  In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to
3  appointed counsel unless the circumstances of a particular case indicate that appointed counsel is
4  necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-
5  29.  A due process violation may occur in the absence of counsel if the issues involved are too
6  complex for the petitioner.  In addition, the appointment of counsel may be necessary if the
7  petitioner has such limited education that he or she is incapable of presenting his or her claims.
8  Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

9  In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas
10  petitioners with nonfrivolous claims, a district court should consider the legal complexity of the
11  case, the factual complexity of the case, the petitioner's ability to investigate and present his claim,
12  and any other relevant factors." Abdullah v. Norris, 18 F.3d at 573 (citing Battle v. Armontrout, 902
13  F.2d 701, 702 (8th Cir. 1990)); Hoggard, 29 F.3d at 471; Boyd v. Groose, 4 F.3d 669, 671 (8th Cir.
14  1993); Smith v. Groose, 998 F.2d 1439, 1442 (8th Cir. 1993); Johnson v. Williams, 788 F.2d 1319,
15  1322-23 (8th Cir. 1986).

16  Here, Petitioner has sufficiently represented himself to date.  From the face of the petition,
17  filed pro se, it appears that Petitioner has a good grasp of this case and the legal issues involved, and
18  is not incapable of presenting his claims. See Hawkins, 423 F.2d at 950.  Under such circumstances,
19  a district court does not abuse its discretion in denying a state prisoner's request for appointment of
20  counsel as it is simply not warranted by the interests of justice.  See LaMere v. Risley, 827 F.2d 622,
21  626 (9th Cir. 1987).  At this stage of the proceedings, the Court finds that the interests of justice do
22  not require the appointment of counsel.

23  The assistance counsel provides is valuable.  "An attorney may narrow the issues and elicit
24  relevant information from his or her client.  An attorney may highlight the record and present to the
25  court a reasoned analysis of the controlling law." Knaubert, 791 F.2d at 729.  However, as the court
26  in Knaubert noted: "unless an evidentiary hearing is held, an attorney's skill in developing and
27  presenting new evidence is largely superfluous; the district court is entitled to rely on  the state court
28

1  record alone." Id. (citing Sumner v. Mata, 449 U.S. 539, 545-57 (1981), and 28 U.S.C. § 2254(d)).[1]

2  Because this Court denies Petitioner's motion for appointment of counsel, it must "review the record

3  and render an independent legal conclusion." Id. Moreover, because the Court does not appoint

4  counsel, it must "inform itself of the relevant law. Therefore, the additional assistance provided by

5  attorneys, while significant, is not compelling." Id.

6      For the above-stated reasons, the "interests of justice" in this matter do not compel the

7  appointment of counsel. Accordingly, Petitioner's request for appointment of counsel is **DENIED**

8  without prejudice.

9      **IT IS SO ORDERED.**

11  DATED: July 1, 2008

13                                                       LOUISA S PORTER
                                                     United States Magistrate Judge

16  cc:        The Honorable Marilyn L. Huff
            all parties

---

[1] When a pro se petitioner presents a palpable claim that state court factual findings are erroneous, this Court properly exercises its discretion to hold an evidentiary hearing. In such circumstances, counsel will be appointed. See Rule 8, 28 U.S.C. foll. § 2254. Petitioner has not made such a showing in this case.