1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  KEVIN VIENNA, State Bar No. 186751
   Supervising Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7  P.O. Box 85266
   San Diego, CA 92186-5266
8  Telephone:  (619) 645-2198
   Fax:  (619) 645-2191
9  Email:  Kevin.Vienna@doj.ca.gov

10 Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14 **PAUL JOSEPH LOMBARDI,**                    08cv1025 H (POR)

15                          Petitioner,         **ANSWER TO PETITION FOR
                                                WRIT OF HABEAS CORPUS;**
16        **v.**                                **MEMORANDUM OF POINTS
                                                AND AUTHORITIES IN**
17 **MATTHEW CATE, Secretary of the Department of    SUPPORT THEREOF**
   Corrections and Rehabilitation,**
18
                          Respondent.
19

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  DANIEL ROGERS
   Deputy Attorney General
5  KEVIN VIENNA, State Bar No. 186751
   Supervising Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone:  (619) 645-2198
     Fax:  (619) 645-2191
9    Email:  Kevin.Vienna@doj.ca.gov

10  Attorneys for Respondent

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **PAUL JOSEPH LOMBARDI,**                    08cv1025 H (POR)

15                              Petitioner,      **ANSWER TO PETITION FOR
                                                 WRIT OF HABEAS CORPUS;**
16       **v.**                                  **MEMORANDUM OF POINTS
                                                 AND AUTHORITIES IN**
17  **MATTHEW CATE, Secretary of the Department of**   **SUPPORT THEREOF**
    **Corrections and Rehabilitation,**
18
                                 Respondent.
19

20

21          Pursuant to this Court's Order, Respondent respectfully submits the instant Answer to the

22  Petition for Writ of Habeas Corpus in accordance with Rule 5 of the Rules Governing Section 2254

23  Cases in the United States District Court.

24          Respondent denies all allegations contained in the Petition that Petitioner's custody is

25  unlawful and makes the following assertions:

26                                      **I.**

27          Petitioner Paul Lombardi is currently in Respondent's lawful custody following conviction

28  in state court on two felony counts for the crimes of attempted kidnaping and infliction of corporal

1    injury on a spouse.  Because he admitted prior convictions that brought him within the recidivist

2    sentencing provisions of the Three Strikes law, he was sentenced to an aggregate prison term of

3    thirty-seven years to life.

4                                        **II.**

5           The claims in grounds one and three are unexhausted because they were not presented to

6    the state courts on a federal legal theory.  Nevertheless, Respondent asks the Court to deny those

7    claims on the merits.

8           The Petition is timely.  The claims are not procedurally defaulted.  Lombardi does not seek

9    retroactive application of any new rule of criminal procedure.

10                                       **III.**

11          The claims in the Petition are subject to the deferential standard set forth in 28 U.S.C. §

12   2254(d).

13                                       **IV.**

14          In ground one, Lombardi complains that the state improperly admitted into evidence the

15   criminal acts of Lombardi against prior domestic partners.  The state courts reasonably concluded

16   that this other-act evidence was relevant, and this reasonable determination forecloses any

17   constitutional claim.

18          In ground two, Lombardi complains that the trial court provided improper instructions to

19   the jury on the crime of attempted kidnaping.  The state courts, interpreting the requirements of state

20   law, reasonably concluded that there was no instructional error.

21          In ground three, Lombardi complains that the trial court failed to instruct on a lesser

22   included offense.  The state courts reasonably concluded that the evidence at trial did not support

23   such an instruction.

24                                       **V.**

25          Relevant state court records will be lodged contemporaneously with this Answer, under

26   a separate Notice of Lodgment.

27   ///

28   ///

**VI.**

Lombardi is not entitled to an evidentiary hearing to resolve his claims.  28 U.S.C. § 2254(e)(2).  His claims all rely on the existing record, and he makes no claim that any state court finding of fact is erroneous.

**VII.**

The relevant facts and procedural history set forth in the accompanying Memorandum of Points and Authorities are incorporated herein by this reference.  Except as expressly admitted herein or in the Memorandum of Points and Authorities, Respondent denies that Petitioner's custody is in any way improper, that any condition of Petitioner's custody is illegal, or that any of his constitutional rights have been or are being violated in any way.

WHEREFORE, for the reasons set forth in this Answer, the Memorandum of Points and Authorities filed in support of this Answer and incorporated herein by this reference, and for such other and further good cause as the Court may find, this Court should deny the Petition, deny all other relief, and deny any request for a certificate of appealability.

Dated:  September 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DANIEL ROGERS
Deputy Attorney General

  s/Kevin Vienna
KEVIN VIENNA
Supervising Deputy Attorney General

Attorneys for Respondent

80278790.wpd
SD2008700618

3

08cv1025

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Petitioner Paul Lombardi seeks federal habeas corpus relief from a judgment of conviction in San Diego County Superior Court for the crimes of attempted kidnaping and infliction of corporal injury on a spouse. Because his prior convictions included an attempted kidnaping and an aggravated assault, he was sentenced under California's Three Strikes law to an aggregate term of thirty-seven years to life imprisonment.

As in his direct appeal, Lombardi raises three claims: (1) that the trial court improperly admitted evidence that Lombardi had committed prior acts of spousal abuse; (2) that the trial court improperly instructed on the crime of attempted kidnaping; and (3) that the trial court should have instructed the jury on the crime of false imprisonment as a lesser included offense.

The state courts denied these claims in a reasoned opinion that was both consistent with federal law and based upon a reasonable determination of the facts. This precludes federal habeas corpus relief.

**STATEMENT OF FACTS**

The following statement of the facts, as developed at trial, comes from the opinion of the California Court of Appeal.[1]

> At all pertinent times defendant and appellant Paul Joseph Lombardi and his wife Lisa Marie Pond were married. During 2002 Lombardi subjected Pond to physical abuse and threatened her with a firearm. As a result of this behavior in July 2003 Pond left Lombardi and the Northern California home she shared with him and moved to her sister's home in Poway.

> On the morning of September 24, 2003, Pond was in her car at her sister's house about to drive to work. Lombardi suddenly appeared, opened her car door and attempted to pull her out of the car. He told her: "You walked out on me, bitch. You don't walk out on me. You're coming with me. You're coming with me."

> Pond screamed at Lombardi: "No, I'm not going with you. No, I'm not going with you." In attempting to pull Pond out of the car Lombardi grabbed Pond's face, hair and arm. Pond fought back and at one point Lombardi grabbed her throat and tried to pull her out

---

1. Additional description of the facts of the crimes, with page references to the trial record (Lodgment 2 (Reporter's Transcript (RT))), is set forth in the respondent's brief (Lodgment 4) and the appellant's opening brief (Lodgment 3).

08cv1025

1   of the car. Pond was able to slide over to the passenger side of the car and honk the horn.
2   In response Lombardi got in the driver's seat and attempted to start the car; however, in
    his haste he bent the key.

3   Both Pond and Lombardi got out of the car and Pond continued to scream. Pond's sister
4   and brother-in-law emerged from their home along with other family members. Pond's
    sister told Lombardi to "get the fuck off [my] property." When Pond's relatives were
5   present Lombardi became a different person and told them that he just wanted to talk to
    Pond.

6   Pond's demeanor did not change. According to her brother-in-law, he remembers seeing
    Pond terrified, "frozen stiff" and shaking. Another witness heard Pond screaming over and
7   over again "Oh, my God. Help me." The witness called the police and handed the phone
8   to Pond.

9   Following the attack, Pond had a cut on her eye and scratches and bruises. Lombardi is
    six-foot, four-inches tall and weighs approximately 270 pounds; Pond is approximately
10  five-foot, seven-inches tall and weighs approximately 130 pounds.

11  At trial the prosecution presented evidence from Lombardi's first wife and a former
12  girlfriend. Lombardi's first wife testified that shortly after she left Lombardi in December
    1982 he found her at a gas station with her sister, pulled her out of her sister's car, forced
13  her into his car, drove her to a motel and sexually assaulted her. Later, Lombardi was
    arrested while holding a knife to his wife's throat. Following this incident they reconciled.
14  After their reconciliation Lombardi continued to push, shove, hit and threaten his first
    wife.

15  Lombardi's former girlfriend testified that during the entire course of a six-year
16  relationship with Lombardi he physically abused her and threatened her with knives. After
    she left him and was living at a shelter Lombardi broke into the shelter and knocked a
17  shelter employee to the floor.

18  (Lodgment 5 (opinion).) *People v. Lombardi,* No. D047173, 2007 WL 97156, *1 (Cal. App. 4 Dist.

19  January 16, 2007).

20                          **STATEMENT OF THE CASE**

21         A San Diego County jury found Lombardi guilty as charged of the attempted kidnap of

22  Lisa Pond and of infliction of corporal injury on Pond, his spouse.  Lombardi admitted in a separate

23  proceeding that he had been previously convicted of two crimes – a 1983 kidnapping and a 1995

24  aggravated assault – that qualified as serious felonies and strikes under California's Three Strikes

25  law and that he had served four separate prison terms.  (Lodgment 1 (Clerk's Transcript (CT)) at 1-4,

26  109-10, 178-80.)

27         The trial court imposed an indeterminate aggregate sentence of thirty-seven years to life

28  imprisonment, comprising (1) the Three Strikes sentence of twenty-five years to life for attempted

                                              5

1    kidnapping, and (2) twelve years for the two serious-felony priors (five years each) and for two

2    prison priors (one year each). (Lodgment 2 (Reporter's Transcript (RT)) at 637-41.)

3         Lombardi appealed raising three claims, as follows:

4      1.   The trial court abused its discretion and violated his right to due process by admitting

5           evidence of Lombardi's other crimes;

6      2.   The trial court committed instructional error in its instructions to the jury on the crime of

7           attempted kidnaping; and

8      3.   The trial court erred by failing to instruct the jury on false imprisonment as a lesser

9           included offense of attempted kidnaping.

10   (Lodgment 3 (appellant's opening brief) at i, ii.).)

11        The California Court of Appeal denied Lombardi's claims and affirmed the judgment in

12   an opinion dated January 15, 2007. (Lodgment 6.) In brief summary, that court concluded the

13   following: (1) Lombardi's other acts of domestic violence were admissible pursuant to Cal. Evid.

14   Code § 1109 and were not unduly prejudicial; (2) the jury instructions on attempted kidnaping, in

15   total, were correct and proper; and (3) the evidence did not support an instruction on the crime of

16   false imprisonment. (Lodgment 6.)

17        Lombardi continued his direct appeal by filing a petition for review in the California

18   Supreme Court, in which he repeated the claims he had made in the intermediate appellate court.

19   (Lodgment 7 at i, ii.) That court denied further review on April 18, 2007. (Lodgment 8.)

20                    **BURDEN OF PROOF**

21        Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the

22   provisions of 28 U.S.C. § 2254(d) and (e), this Court must evaluate a habeas corpus petition

23   differently than a more typical civil action. *See Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir.

24   2004) (summarizing the statutory limitations on habeas relief). This Court is bound by the

25   deferential-review principles of the AEDPA: "[D]eference to state court determinations must follow

26   an adjudication on the merits." *Id.* at 965. The AEDPA contains the elements that a habeas

27   petitioner must prove by a preponderance of the evidence, but it is not an appellate standard of

28   review. *See id.* at 964-65.

08cv1025

When a petitioner does not challenge a state court's determination of the evidence, he may receive habeas relief "only if" he establishes that the state-court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Price v. Vincent*, 538 U.S. 634, 642-43 & n.2, 123 S. Ct. 1848, 155 L. Ed. 2d 877 (2003) (comparing and contrasting decisions from other state and federal courts to demonstrate that a particular state court's decision was objectively reasonable). In determining what constitutes "clearly established federal law" for purposes of section 2254(d)(1), only Supreme Court holdings from the time the state court rendered its decision are controlling, but not dicta and not circuit court authority. *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653-54, 166 L. Ed. 2d 482 (2006); *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). And only some Supreme Court holdings are relevant because holdings that do not bind the state courts, such as an application of the Supreme Court's supervisory power, are "off the table" for AEDPA purposes. *Early v. Packer*, 537 U.S. 3, 10, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

By contrast, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76-78, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (reversing the Sixth Circuit's determination that there was insufficient evidence to support a murder conviction under Ohio law). So long as a state court's application of state law was not novel or an unforeseeable expansion of prior decisions, a petitioner may not receive federal relief for issues of state law. *See id.* at 76-77 (distinguishing *Bouie v. City of Columbia*, 378 U.S. 347, 352, 84 S. Ct. 1697, 12 L. Ed. 2d 894 (1964)). A state court's resolution of a federal issue by applying state law, moreover, does not suggest any reason to grant federal relief. *Early v. Packer*, 537 U.S. at 8.

Reasonable factual determinations by state courts, including state appellate courts, must be accepted by this Court. *Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1939-40, 167 L. Ed. 2d 836 (2007) (applying 28 U.S.C. § 2254(d)(2)); *Sumner v. Mata*, 449 U.S. 539, 546-48, 101 S. Ct. 764, 66 L. Ed. 2d 722 (1981) (regarding factual findings from an appellate court). Findings of historical fact, including inferences properly drawn from such facts, are entitled to the statutory presumption of correctness now contained in 28 U.S.C. § 2254(e)(1). *Schriro*, 127 S. Ct. at 1939-

7

1  40; *see Parke v. Raley*, 506 U.S. 20, 35-36, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992); *Marshall v.*

2  *Lonberger*, 459 U.S. 422, 434-35, 103 S. Ct. 843, 74 L. Ed. 2d 646 (1983) (federal courts may not

3  disturb implicit credibility determinations that are necessary to support a state-court ruling).

4      When applying the AEDPA standard, a federal court relies on the "last reasoned decision

5  by a state court."  *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

6                          **ARGUMENT**

7                              **I.**

8      **GROUND ONE – THE OTHER-ACT EVIDENCE WAS RELEVANT
       AND ADMISSIBLE**

9

10     In ground one, Lombardi complains that his constitutional right to due process was

11 violated when the trial court admitted into evidence prior acts of violence he had committed against

12 two women other than Pond, the victim of the charged crimes.  (Pet. at 6.)  He complains that the

13 other-act evidence showed his propensity to commit a crime and that the evidence was more

14 prejudicial than probative, so the trial court's ruling violated California Evidence Code section 352.

15     The state courts reasonably ruled that this evidence was relevant and admissible.

16  **A.  Background**

17     In advance of trial, the prosecutor filed a trial brief addressing in limine issues.  (CT 8.)

18 Among those issues were Lombardi's prior acts of domestic violence against his former wife, Karen

19 Lombardi, and against another former domestic partner, Tiffany Pelkey. (CT 11, 12.) Among those

20 instances was a prior kidnaping of Karen Lombardi.  (CT 11, 12.)  The prosecution argued, inter

21 alia, that these incidents were admissible under California Evidence Code section 1109, which

22 permits evidence of prior domestic violence to show propensity to commit other such acts, and under

23 California Evidence Code section 1101(b), which permits evidence of prior acts if relevant to prove

24 some fact other than disposition to commit the current crime.  (CT 12, 17-18.)

25     Lombardi's counsel filed a motion to exclude evidence of those prior bad acts.  (CT 34.)

26     The in limine motions were taken up on the record by the trial court.  (RT 2-15.)  The trial

27 court determined that the incidents were admissible.  (RT 16, 17.)  In due course, both women were

28 called as prosecution witnesses.  (RT 306; 328.)

08cv1025

1    Karen (Kramer) Lombardi testified about her prior marriage to Lombardi.  She described

2    a history of physical abuse, with incidents of pushing, shoving, hitting, and threatening.  (RT 328-31,

3    341-48.)  She also described the incident in which Lomardi had kidnapped her and assaulted her

4    with a knife.  (RT 334-37.)

5    Pelkey told of her prior romantic relationship with Lomardi.  (RT 306-07.)  That

6    relationship also became abusive, with Lombardi punching, pushing, and strangling her.  (RT 306-

7    07.)

8    After his conviction, Lombardi appealed and, in the appeal, he challenged the introduction

9    of this other-act evidence.  The challenge was based, almost completely, on Lombardi's analysis of

10   state law, contending that the incidents were remote in time and that their introduction was

11   improperly prejudicial beyond their probative value.  (Lodgment 3 at 15, 21-29.)  The argument also

12   contended, without analysis or explanation, that the alleged error violated the right to due process

13   under the Fourteenth Amendment.  (Lodgment 3 at 29-30.)

14   The California Court of Appeal addressed these claims in detail, as follows:

15   Lombardi contends the trial court erred in permitting the prosecution to offer testimony
     from his first wife and his former girlfriend. He contends that because those incidents
16   occurred many years before the Pond incident and involved more violence than was
     alleged here, the incidents the two women testified about were too dissimilar to be
17   probative and were highly prejudicial. We find no error.

18   Although evidence of prior bad acts is generally barred by Evidence Code section 1101,
     subdivision (a), Evidence Code section 1109, subdivision (a), provides in pertinent part:
19   "in a criminal action in which the defendant is accused of an offense involving domestic
     violence, evidence of the defendant's commission of other domestic violence is not made
20   inadmissible by Section 1101 if the evidence is not inadmissible pursuant to Section 352."
     Because Lombardi was charged with domestic violence, Evidence Code section 1109,
21   subdivision (a), applied and the testimony offered by the prosecution was subject only to
     the requirements of Evidence Code section 352. (See *People v. Fitch* (1997) 55
22   Cal.App.4th 172, 183 [construing anal[o]gous provisions of Evidence Code section
     1108].)
23

24   Under Evidence Code section 352 we must "examine whether the probative value of the
     evidence of defendant's uncharged offenses is 'substantially outweighed by the probability
25   that its admission [would] ... create substantial danger of undue prejudice, of confusing
     the issues, or misleading the jury.' [Citation.]" (*People v. Ewoldt* (1994) 7 Cal.4th 380,
26   404.) In doing so we must be mindful that "'[s]ince "substantial prejudicial effect [is]
     inherent in [such] evidence," uncharged offenses are admissible only if they have
27   *substantial* probative value.' [Citation.]" (*Ibid.*)

28   Here the principal question in dispute at trial was whether, in traveling to Poway,

9

1    Lombardi planned to merely talk to Pond about reconciling or whether he planned to
     forcibly take her with him back to Northern California. On this critical issue-Lombardi's
2    intentions in coming to Poway-the testimony of his first wife and his former girlfriend was
     highly probative because it demonstrated that in remarkably similar emotional settings
3    Lombardi violently pursued a domestic partner who was attempting to leave him.

4    In this regard we note that when evidence of prior acts is offered to show such a common
     scheme or plan the plan need not be precisely similar or unusual. In *People v. Ruiz* (1988)
5    44 Cal.3d 589, 605, the defendant was charged with the 1975 murder of one wife and the
     1978 murder of another wife and her teenage son. The first victim disappeared and was
6    never found. The second two victims also disappeared but shortly after their
     disappearances were reported to authorities their bodies were found buried near the
7    defendant's house; both had been shot in the head at close range. Notwithstanding the
     obvious differences in the crimes, the court found that each wife's disappearance was
8    sufficiently similar to the other's disappearance to overcome any objection under Evidence
     Code section 1101. The court stated: "The most significant similarity between the two sets
9    of murder charges was that both involved a wife of defendant who abruptly disappeared
     under suspicious circumstances indicating possible foul play, including [the first victim's]
10   failure to contact her pastor, her doctor, her friends and relatives, or to resume Medi-Cal
     or Social Security payments, and [the second victim's] failure to communicate with
11   friends, relatives, or the law firm representing her interests. Both women left behind items
     of property or personal possessions .... In both cases, defendant seemed undisturbed by
12   his wife's disappearance and uncooperative in attempts to discover her whereabouts." (*Id.*
     at pp. 605-606.) As the court stated in *People v. Ewoldt, supra,* 7 Cal.4th at page 403: "To
13   establish the existence of a common design or plan, the common features must indicate
     the existence of a plan rather than a series of similar spontaneous acts, but the plan thus
14   revealed need not be distinctive or unusual."

15   Here each woman was at one point Lombardi's domestic partner. Each reported a history
     of physical abuse and threats. As a result of the abuse all three women attempted to leave
16   Lombardi and all three reported that when they did so Lombardi came after them in an
     extremely violent manner. These similarities in the descriptions of Lombardi's behavior
17   in similar settings made the uncharged acts very probative in determining whether Pond's
     version of events was more credible than Lombardi's.
18

19   Notwithstanding their probative value, we must also consider whether the uncharged acts
     were unduly prejudicial. For instance, in *People v. Harris* (1998) 60 Cal.App.4th 727 the
20   defendant was convicted in 1972 of first degree burglary with great bodily injury growing
     out of a violent rape he committed on a stranger. The People offered evidence of the 1972
21   conviction in a 1995 prosecution involving his sexual conduct with two mental patients
     he had befriended while working at a mental hospital. In finding that it was unduly
22   prejudicial to use the earlier conviction in the later prosecution, the court noted the
     inflammatory nature of the prior act and its sharp differences with the charges the
23   defendant was facing at trial. "The charged crimes involving a breach of trust and the
     'taking advantage' of two emotionally and physically vulnerable women are of
24   significantly different nature and quality than the violent and perverse attack on a stranger
     that was described to the jury." (*Id.* at p. 738.) Here there is no such disparity between the
25   prior incidents and the charged crimes. All three incidents were of the same character and
     involved abuse, threats and violence against a domestic partner attempting to end a
26   relationship with Lombardi. In light of these similarities there was little risk the jury
     would be unduly inflamed or confused by the prior incidents.
27

28   We also note that the incident Lombardi's [former] wife described occurred more than 20

10

1    years before his attack on Pond. However, the " 'staleness' of an offense is generally
     relevant if and only if the defendant has led a blameless life." (*People v. Harris, supra,*
2    60 Cal.App.4th at p. 739.) As the testimony of Lombardi's former wife, former girlfriend
     and Pond demonstrate, appellant has hardly led a blameless life; rather, he has continued
3    a lifelong pattern of domestic abuse. In this factual context the length of time that has
     passed since Lombardi's assault on his former wife is not unduly prejudicial.
4

5    In sum given the probative value of the prior incidents and the absence of undue prejudice
     the trial court acted well within its discretion in allowing testimony from Lombardi's
6    former wife and former girlfriend.

7    (Lodgment 6 at 5-8.)

8         Lombardi repeated his claims in his petition for review, which the California Supreme

9    Court denied summarily.  (Lodgment 7, 8.)

10   **B.    Discussion**

11        **1.    Lombardi Failed To Raise A Federal Claim; Alternatively, Any Federal**
                **Claim Is Unexhausted**
12

13        Federal habeas corpus relief is available only on behalf of a person in custody in violation

14   of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); *Estelle v. McGuire*,

15   502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

16        As in his direct appeal, however, Lombardi's challenge is only that the challenged other-

17   act evidence was inadmissible under state evidence law.  In his Petition, Lombardi refers to several

18   sections of the state's evidence code:  Cal. Evid. Code §§ 352, 1101, 1109.  (Pet. at 6 & foll. pages.)

19   Similarly, in his direct appeal, Lombardi constructed his challenge on the basis of those code

20   sections, with recurring reference to state case law interpreting them.  (Lodgment 3 at 21-30.)

21        Generally, matters relating to state court interpretation of state law do not implicate federal

22   constitutional issues.  In fact, this Court defers to and is bound by a state court's interpretation of

23   its own laws.  *Wainwright v. Goode*, 464 U.S. 78, 84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983);

24   *Estelle v. McGuire*, 502 U.S. at 67-68.  Petitioner has provided no authority to indicate that this case

25   does not fall within that general rule.  Moreover, "[a] federal court may not issue the writ [of habeas

26   corpus] on the basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct.

27   871, 79 L. Ed. 2d 29 (1984).

28        Lombardi's fleeting reference to the federal Constitution and to "due process," is not

11

1    sufficient to turn his state-law claim into a federal claim.  Errors of state law cannot be repackaged

2    as federal errors simply by citing the due process clause.  *Poland v. Stewart*, 169 F.3d 573, 578 (9th

3    Cir. 1999); *Carson v. Director, Iowa Department of Correctional Services*, 150 F.3d 973, 975 (8th

4    Cir. 1998); *see also Little v. Crawford*, 449 F.3d 1075, 1081-83 & n.6 (9th Cir. 2006).  Where a

5    claim alleges only a violation or misapplication of state law, no federal claim is presented, and the

6    petition is subject to dismissal.  *Favors v. Eymon*, 466 F.2d 1325, 1327 (9th Cir. 1972).

7        Moreover, this claim remains technically unexhausted, because no federal claim was fairly

8    presented to the state courts.  General appeals to broad constitutional principles, such as due process,

9    equal protection, and the right to a fair trial, do not establish exhaustion.  *Hiivala v. Wood*, 195 F.3d

10   1098, 1106 (9th Cir. 1999).  Nevertheless, as discussed in the next section, the claim clearly lacks

11   merit and may be denied.  28 U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir.

12   2005).

13   **2.    Because Lombardi's Other Acts Of Domestic Violence Were Relevant To**
         **The Current Crimes, The Evidence Was Properly Admitted And**
14       **Constituted No Constitutional Deprivation**

15       The admissibility of evidence is generally a matter of state law, and improper admission

16   of evidence usually does not violate the Constitution, and is generally not cognizable in federal

17   habeas corpus.  *Estelle v. McGuire*, 502 U.S. at 68.  Admission of prejudicial evidence may form

18   a basis for habeas relief, but only if the admission was fundamentally unfair and resulted in the

19   denial of due process.  *Windham v. Merkle*, 163 F.3d 1092, 1172 (9th Cir. 1998).  A habeas

20   petitioner bears a "heavy burden" in showing a due process violation based on an evidentiary

21   decision.  *Boyde v. Brown*, 404 F.3d 1159, 1172, *amended*, 421 F.3d 1154 (9th Cir. 2005).

22       Nothing in the due process clause requires a state to refrain from admitting relevant evidence.

23   *Estelle v. McGuire*, 502 U.S. at 70.  Due process is violated only if no permissible inferences can

24   be drawn from the evidence.  *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991).  The

25   Ninth Circuit has ruled that as long as a permissible inference may be drawn from the evidence, its

26   admission does not rise to the level of a constitutional violation.  *Id.*  The Ninth Circuit has recently

27   confirmed that the introduction of propensity evidence is permissible, if relevant.  *Mejia v. Garcia*,

28   ___ F.3d ___, No. 0616460, 2008 WL 2853384 (9th Cir. July 25, 2008) (citing, inter alia, *United*

08cv1025

1 | *States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001)).

2       These principles make clear that Lombardi's claim lacks merit.  The court of appeal

3 determined that the evidence was relevant; that determination is perfectly reasonable.  This

4 precludes habeas corpus relief.

5 **II.**

6 **GROUND TWO – THE STATE COURTS REASONABLY CONCLUDED**

7 **THAT THE JURY INSTRUCTIONS CORRECTLY SET FORTH THE REQUIREMENTS OF STATE LAW**

8       In ground two, Lombardi complains of instructional error, alleging that the trial court's

9 instruction on attempted kidnapping did not properly set forth the elements of that crime and

10 relieved the prosecution of its burden of proof.  (Pet. at 7.)  The California Court of Appeal denied

11 the claims of instructional error in decision that is both consistent with federal law and based upon

12 an reasonable determination of the facts.

13      **A.    Background**

14       The discussion of jury instructions on the record was abbreviated, suggesting that some

15 of the discussions occurred informally and off the record.  The record, however, shows that the

16 prosecutor offered a modified instruction for the crime charged in count one, attempted kidnaping.

17 That instruction combined the standard jury instructions for the substantive crime of kidnaping

18 (CALJIC No. 9.50) and for the law relating to criminal attempts (CALJIC No. 6.00).  (RT 430.)

19       The defense objected to this combination, on the basis that the result of the combination

20 was "more confusing."  (RT 431, 432.)  The trial court chose, however, to use the combined

21 instruction.  (CT 87; RT 545.)

22       The following table presents the relevant text from the two separate standard instructions

23 and the single combined instruction (with significant changes highlighted), with comparable

24 provisions aligned for ease of comparison:

25 ///

26 ///

27 ///

28

13

08cv1025

| Standard CALJIC Instructions 9.50 and 6.00 | Modified Instruction |
|---|---|
| [Defendant is accused [in Count[s] ] of having committed the crime of kidnapping, a violation of section 207, subdivision (a) of the Penal Code.][2/] | Defendant is accused in Count One of having committed the crime of **attempted kidnapping**, a violation of sections 664 and 207, subdivision (a) of the Penal Code. |
| An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission.[3/] | An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission. |
| In determining whether this act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging the means for its commission, is not sufficient to constitute an attempt. However, acts of a person who intends to commit a crime will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to commit that specific crime. These acts must be an immediate step in | In determining whether this act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging the means for its commission, is not sufficient to constitute an attempt. However, acts of a person who intends to commit a crime will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to commit that specific crime. These acts must be an immediate step in |

2.  This section is from CALJIC No. 9.50.

3.  This section is the entirely of CALJIC No. 6.00.

14

the present execution of the criminal design, the progress of which would be completed unless interrupted by some circumstance not intended in the original design.

Every person who unlawfully [and with physical force [or] [by any [other] means of instilling fear], steals or takes, or holds, detains, or arrests another person and carries that person without [his] [her] consent] [compels any other person without [his] [her] consent and because of a reasonable apprehension of harm, to move] for a distance that is substantial in character, is guilty of the crime of kidnapping in violation of Penal Code section 207, subdivision (a).

A movement that is only for a slight or trivial distance is not substantial in character. In determining whether a distance that is more than slight or trivial is substantial in character, you should consider the totality of the circumstances attending the movement [, including, but not limited to, [the actual distance moved] [,] [, or whether the movement [increased the risk of harm above that which existed prior to the movement] [,] [, or] [decreased the likelihood of detection] [,] [,

---

the present execution of the criminal design, the progress of which would be completed unless interrupted by some circumstance not intended in the original design.

***For the purposes of this section***, every person who unlawfully and with physical force ***attempts to*** steal or take, or hold, detain, or arrest another person and carry that person without her consent for a distance that is substantial in character, is guilty of the crime of kidnapping in violation of Penal Code sections 664 and 207, subdivision (a).

A movement that is only for a slight or trivial distance is not substantial in character. In determining whether a distance that is more than slight or trivial is substantial in character, you should consider the totality of the circumstances attending the movement [, including, but not limited to, the actual distance moved, whether the movement increased the risk of harm above that which existed prior to the movement, or decreased the likelihood of detection, or increased both the danger inherent

08cv1025

| | |
|---|---|
| or [increased both the danger inherent in a victim's foreseeable attempt to escape and the attacker's enhanced opportunity to commit additional crimes]]. [If an associated crime is involved, the movement also must be more than that which is incidental to the commission of the other crime.] [4/] | in a victim's foreseeable attempt to escape and the attacker's enhanced opportunity to commit additional crimes. |
| In order to prove this crime, each of the following elements must be proved: [1 A person was [unlawfully] moved by the use of physical force [, or by any other means of instilling fear];] [1 A person was [unlawfully] compelled by another person to move because of a reasonable apprehension of harm;] 2 The movement of the other person was without [his] [her] consent; and 3 The movement of the other person in distance was substantial in character. | In order to prove this crime, each of the following elements must be proved: 1.  The defendant ***attempted to*** unlawfully the victim by the use of physical force; 2. The ***attempted movement*** of the victim was without her consent; and 3. The ***attempted movement*** of the other person in distance was substantial in character. |

During their deliberations, the jurors passed a question to the trial court related to this instruction.  (CT 106.)  The question asked for clarification of the requirements of the instructions, essentially questioning whether the defendant need only attempt to carry or whether the defendant actually had to carry the victim.

The trial court met with counsel to discuss the response.  (RT 613-27.)  The court next

4.  This and the remaining language comes from CALJIC No. 9.50.

08cv1025

1   responded to the jury's question with a supplemental instruction.  In essence, that supplemental

2   instruction made clear that the crime required only an attempt to carry, not actual carrying of the

3   victim.  (CT 107.)

4        After the jury returned its guilty verdicts, Lombardi filed a motion for a new trial.  (CT

5   114.)  The principal basis for that motion was his argument that the trial court's instruction on

6   attempted kidnaping was defective.  The focus of the argument was that the supplemental instruction

7   failed to tell the jurors that an element of the crime was that Lombardi must have attempted to carry

8   the victim a substantial distance.  (CT 116-18.)

9        The trial court denied the motion for a new trial.  (RT 637.)

10       On appeal, Lombardi revisited his challenge to the instruction.  (Lodgment 3 at 30.)  That

11  challenge now was presented in two sections.  First, Lombardi complained that the modified jury

12  instruction and the trial court's supplemental instruction relieved the prosecution of "proving that

13  [Lombardi] intended to move Ms. Pond a substantial distance that was more than merely incidental

14  to the associated crime for which he was charged, corporal injury. . . ."  (AOB 31.)

15       Second, and relatedly, Lomardi added that the trial court failed to instruct the jury "to

16  consider whether the distance a victim was moved was incidental to the commission" of any

17  associated crime.[5]  (AOB 38.)

18       The California Court of Appeal addressed the merits of Lombardi's claims and found them

19  lacking.  First, that court determined that modified instruction was a correct statement of the law for

20  attempted kidnaping.  The jurors were properly instructed that they could convict Lombardi only

21  if they found that he specifically intended "to take Pond a substantial distance."  (Lodgment 6 at 10.)

22  Thus, the instructions did not relieve the prosecution from proving all the elements of the crime.

23       Second, that court concluded that there was no requirement to instruct further on whether

24  "the distance a victim was incidental to the commission of [an associated crime]."  (Lodgment 6 at

25  11.)  The reason this further instruction was not required was because Lombardi was charged only

26

27  _____

28       5.  This argument relates, generally, to that bracketed portion of CALJIC No. 9.50 which is
     set forth just above footnote 4, in the table, above.

08cv1025

1   with attempted kidnaping – there was no movement at all.  Thus, his proposed additional instruction

2   would only have been "distracting and confusing."  (AOB 11.)

3           Lombardi raised this claim of instructional error once more in his petition for review,

4   which the California Supreme Court denied without comment.

5   **B.    Discussion**

6           The Ninth Circuit has stated that a defendant has a due process right to jury instructions

7   that clearly and accurately set forth all of the elements of the crime for which he is accused.  *Ho v.*

8   *Carey*, 332 F.3d 587, 592 (9th Cir. 2003).  In essence, however, the state court concluded that the

9   instructions properly advised the jury of the elements of the crime, as that crime was defined under

10  state law.  This interpretation of state law is binding on the federal courts. *Bradshaw v. Richey*, 546

11  U.S. at 76-78, (a state court's interpretation of state law binds a federal court sitting in habeas

12  corpus).

13          That leaves little remaining to Lombardi's claim.  As the United States Supreme Court has

14  expressed, the only question for a federal court reviewing a habeas corpus to a state jury instruction

15  is whether, "under the circumstances as a whole and given the evidence in the case, the failure to

16  give the requested instruction rendered the trial so fundamentally unfair as to violate federal due

17  process." *Duckett v. Godinez*, 67 F.3d 734, 746 (9th Cir. 1995) (citing *Cupp v. Naughten*, 414 U.S.

18  141, 94 S. Ct. 396, 38 L. Ed. 2d 368 (1973)).

19          Even failure to give an instruction that might be proper as a matter of state law, by itself,

20  does not merit federal habeas corpus relief. *Miller v. Stagner*, 757 F.2d 988, 993 (9th Cir. 1985).

21  Instead, a petitioner states a federal claim only if the trial court's action "so infected the the entire

22  trial that the resulting conviction violate[d] due process." *Henderson v. Kibbe*, 431 U.S. 145, 154,

23  97 S. Ct. 1730, 52 L. Ed. 2d 203 (1977).

24          Lombardi cannot show that he was denied due process.  The elements of his crime were

25  clearly set forth for the jury.  Indeed, a comparison of the standard jury instructions and the

26  combined instruction given by the trial court reveals no substantial difference.  The state court

27  conclusion that there was no instructional error was reasonable and consistent with federal law. This

28  precludes relief.

08cv1025

**III.**

**GROUND THREE – NO LESSER-OFFENSE INSTRUCTION WAS WARRANTED**

In what appears to be ground three,[6] Lombardi complains that the trial court failed to provide a jury instruction on false imprisonment as a lesser-included offense of the crime of attempted kidnapping. (Pet. at 7 (fourth such page).) The state courts determined that the evidence at trial did not support such an instruction.

**A.   Background**

There is no indication in the record that Lombardi's trial counsel sought a lesser-included offense instruction for the crime of false imprisonment. (*See* Lodgment 6 at 11.)

Nevertheless, in his appeal, Lombardi relied on established California law that provides that a trial court must instruct on lesser offenses if such offenses are supported by the evidence. (Lodgment 3 at 41 (quoting *People v. Breverman*, 19 Cal. 4th 142, 148-49, 77 Cal. Rptr. 2d 870 (1998)).)

The court of appeal rejected this claim in a reasoned opinion. Although that court agreed with Lombardi's characterization of the requirement of California law, and although the court further agreed that false imprisonment is included in the crime of kidnapping, that court further determined that "there is no evidence in the record which would support a conviction of false imprisonment." (Lodgment 6 at 12.) As that court stated:

> Here there is nothing in the record which suggested that Lombardi ever had control over Pond sufficient to establish false imprisonment. According to her testimony he grabbed her and attempted to pull her from the car, but she resisted him vigorously and was able to move to the passenger's side of the car and eventually get out of the car. According to Lombardi's testimony he never touched Pond. On this record the jury could not have reasonably concluded that Lombardi successfully detained Pond. Accordingly, the trial court was not required to instruct on the crime of false imprisonment.

(Lodgment 6 at 13.)

Lombardi raised this claim, once more, in his petition for review, which the California

---

6.  On the final page of Lombardi's presentation of ground two, he adds a heading "A.  The trial court erred by failing to instruct sua sponte the jury on the crimes of felony and misdemeanor false imprisonment . . . ." (Pet. at the fourth page numbered "7".)

08cv1025

1  Supreme Court denied summarily.  (Lodgment 7, 8.)

2  **B.   Discussion**

3      **1.   Lombardi Fails To Assert A Federal Claim, And He Never Exhausted Any**
    **Federal Claim In The State Courts**

4

5  As discussed, above, federal habeas corpus relief is available only on behalf of a person

6  in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254a;

7  *Estelle v. McGuire*, at 68.

8  In his Petition, Lombardi makes no reference to any federal right in his claim regarding

9  instructions on false imprisonment.  Since he has asserted no federal claim, relief on ground three

10  should be denied.

11  And, as in ground one, discussed above, this claim is technically unexhausted, because

12  Lombardi did not fairly present a federal claim to the state courts.  In his petition for review,

13  Lombardi never identified this jury-instruction claim as the denial of any federal right.

14  Nevertheless, as discussed in the next section, the claim clearly lacks merit and may be denied.  28

15  U.S.C. § 2254(b)(2); *Cassett v. Stewart*, 406 F.3d at 624.

16      **2.   This Claim Fails Because There Is No Federal Right To Instructions On**
    **Lesser Included Offenses In Non-Capital Trials**

17

18  Issues about jury instructions typically involve the interpretation of state law and therefore

19  generally do not state federal questions.  *Estelle v. McGuire,* 502 U.S. at 72.  More specifically,

20  although the failure to give lesser-offense instructions in capital cases may have constitutional

21  underpinnings, *Beck v. Alabama*, 447 U.S. 625, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980)), several

22  circuits, including the Ninth, have held that the failure to give lesser- included-offense instructions

23  in non-capital cases presents no federal question.  *Windham v. Merkle*, 163 F.3d at 1106; *Bashor v.*

24  *Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984); *Valles v. Lynaugh*, 835 F. 2d 126, 127 (5th Cir. 1988);

25  *Bagley v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990); *Turner v. Armontrout*, 922 F.2d 492 (8th Cir.

26  1991); *Lujan v. Tansig*, 2 F.3d 1031, 1036 (10th Cir. 1993); *Perry v. Smith*, 810 F.2d 1078 (11th Cir.

27  1987).  Thus, the Ninth Circuit has held that "the failure of a state court to instruct on a lesser

28  included offense in a non-capital case fails to present a federal constitutional question and will not

1   be considered in a federal habeas corpus proceeding." *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir.

2   2000) (quoting *Bashor*, 730 F.2d at 1240).

3          On the other hand, a criminal defendant is entitled to have the jury instructed on his theory

4   of defense, provided it is supported by law and has some foundation in evidence.  *See Bradley v.*

5   *Duncan*, 315 F.3d 1091, 1098-99 (9th Cir. 2002); *Conde v. Henry*, 198 F.3d 734, 739 (9th Cir.

6   1999).   A defendant is not constitutionally entitled to a defense instruction if the trial court

7   reasonably determines that the evidence does not support giving the instruction.  *Solis v. Garcia*, 219

8   F.3d at 929-30.  Due process requires defense instructions be given only when the evidence warrants

9   such an instruction.  *Hopper v. Evans*, 456 U.S. 605, 611, 102 S. Ct. 2049, 72 L. Ed. 2d 367 (1982).

10  California has a similar rule.  *Breverman*, 19 Cal. 4th at 157.

11         The question of a lesser offense played no role in the Lombardi's defense, as may be

12  discerned from his trial counsel's failure even to request such an instruction.  In these circumstances,

13  the state court's conclusion that the evidence did not support an instruction on false imprisonment

14  is reasonably consistent with federal law.  This bars relief.

15  ///

16  ///

17  ///

18

19

20

21

22

23

24

25

26

27

28

08cv1025

1

**CONCLUSION**

2          For the foregoing reasons, Respondent asks the Court to deny all claims, dismiss the

3     Second Amended Petition with prejudice, and deny any future requests for a certificate of

4     appealability.

5          Dated:  September 8, 2008

6                                   Respectfully submitted,

7                                   EDMUND G. BROWN JR.
                                    Attorney General of the State of California

8                                   DANE R. GILLETTE
                                    Chief Assistant Attorney General

9                                   GARY W. SCHONS
                                    Senior Assistant Attorney General

10

11                                  DANIEL ROGERS
                                    Deputy Attorney General

12

13                                    s/Kevin Vienna

14                                  KEVIN VIENNA
                                    Supervising Deputy Attorney General

15                                  Attorneys for Respondent

16     80278790.wpd
       SD2008700618

17

18

19

20

21

22

23

24

25

26

27

28

                                                                              08cv1025

1

# TABLE OF CONTENTS

2
                                                                            **Page**

3  MEMORANDUM OF POINTS AND AUTHORITIES                                     4

4  INTRODUCTION                                                             4

5  STATEMENT OF FACTS                                                       4

6  STATEMENT OF THE CASE                                                    5

7  BURDEN OF PROOF                                                          6

8  ARGUMENT                                                                 8

9      I.    **GROUND ONE – THE OTHER-ACT EVIDENCE WAS
            RELEVANT AND ADMISSIBLE**                                       8
10
            A.   Background                                                 8
11
            B.   Discussion                                                 11
12
                 1.   Lombardi Failed To Raise A Federal Claim; Alternatively, Any
13                    Federal Claim Is Unexhausted                          11

14               2.   Because Lombardi's Other Acts Of Domestic Violence Were Relevant
                      To The Current Crimes, The Evidence Was Properly Admitted And
15                    Constituted No Constitutional Deprivation             12

16     II.   **GROUND TWO – THE STATE COURTS REASONABLY
            CONCLUDED THAT THE JURY INSTRUCTIONS
17          CORRECTLY SET FORTH THE REQUIREMENTS OF STATE
            LAW**                                                           13
18
            A.   Background                                                 13
19
            B.   Discussion                                                 18
20
21     III.  **GROUND THREE – NO LESSER-OFFENSE INSTRUCTION
            WAS WARRANTED**                                                 19

22          A.   Background                                                 19

23          B.   Discussion                                                 20

24               1.   Lombardi Fails To Assert A Federal Claim, And He Never Exhausted
                      Any Federal Claim In The State Courts                 20
25
                 2.   This Claim Fails Because There Is No Federal Right To Instructions
26                    On Lesser Included Offenses In Non-Capital Trials     20

27  CONCLUSION                                                              22

28

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Bagley v. Sowders*
5    894 F.2d 792 (6th Cir. 1990)                                                                 20

6    *Bashor v. Risley*
    730 F.2d 1228 (9th Cir. 1984)                                                          20, 21
7

*Beck v. Alabama*
8    447 U.S. 625
    100 S. Ct. 2382
9    65 L. Ed. 2d 392 (1980)                                                                     20

10   *Bouie v. City of Columbia*
    378 U.S. 347
11   84 S. Ct. 1697
    12 L. Ed. 2d 894 (1964)                                                                       7
12

*Boyde v. Brown*
13   404 F.3d 1159
    *amended*, 421 F.3d 1154 (9th Cir. 2005)                                              12
14

*Bradley v. Duncan*
15   315 F.3d 1091 (9th Cir. 2002)                                                             21

16   *Bradshaw v. Richey*
    546 U.S. 74
17   126 S. Ct. 602
    163 L. Ed. 2d 407 (2005)                                                                  7, 18
18

*Carey v. Musladin*
19   549 U.S. 70
    127 S. Ct. 649
20   166 L. Ed. 2d 482 (2006)                                                                   7

21   *Carson v. Director, Iowa Department of Correctional Services*
    150 F.3d 973 (8th Cir. 1998)                                                              12
22

*Cassett v. Stewart*
23   406 F.3d 614 (9th Cir. 2005)                                                          12, 20

24   *Conde v. Henry*
    198 F.3d 734 (9th Cir. 1999)                                                              21
25

*Cupp v. Naughten*
26   414 U.S. 141
    94 S. Ct. 396
27   38 L. Ed. 2d 368 (1973)                                                                    18

28

08cv1025

**TABLE OF AUTHORITIES  (continued)**

Page

1

2

3
*Duckett v. Godinez*
67 F.3d 734 (9th Cir. 1995)                                                    18

4
*Early v. Packer*
537 U.S. 3

5
123 S. Ct. 362
154 L. Ed. 2d 263 (2002)                                                        7

6
*Estelle v. McGuire*
502 U.S. 62

7
112 S. Ct. 475

8
116 L. Ed. 2d 385 (1991)                                                11, 12, 20

9
*Favors v. Eymon*
466 F.2d 1325 (9th Cir. 1972)                                                  12

10
*Henderson v. Kibbe*
431 U.S. 145

11
97 S. Ct. 1730

12
52 L. Ed. 2d 203 (1977)                                                        18

13
*Hiivala v. Wood*
195 F.3d 1098 (9th Cir. 1999)                                                  12

14
*Ho v. Carey*

15
332 F.3d 587 (9th Cir. 2003)                                                   18

16
*Hopper v. Evans*
456 U.S. 605

17
102 S. Ct. 2049
72 L. Ed. 2d 367 (1982)                                                        21

18
*Jammal v. Van de Kamp*

19
926 F.2d 918 (9th Cir. 1991)                                                   12

20
*Lambert v. Blodgett*
393 F.3d 943 (9th Cir. 2004)

21
                                                                                6

22
*Little v. Crawford*
449 F.3d 1075 (9th Cir. 2006)                                                  12

23
*Lujan v. Tansig*

24
2 F.3d 1031 (10th Cir. 1993)                                                   20

25
*Marshall v. Lonberger*
459 U.S. 422

26
103 S. Ct. 843
74 L. Ed. 2d 646 (1983)                                                         8

27

28

## TABLE OF AUTHORITIES  (continued)

Page

*Mejia v. Garcia*
___ F.3d ___
No. 0616460, 2008 WL 2853384 (9th Cir. July 25, 2008)                    12

*Miller v. Stagner*
757 F.2d 988 (9th Cir. 1985)                    18

*Parke v. Raley*
506 U.S. 20
113 S. Ct. 517
121 L. Ed. 2d 391 (1992)                    8

*People v. Breverman*
19 Cal. 4th 142
77 Cal. Rptr. 2d 870 (1998)                    19, 21

*Perry v. Smith*
810 F.2d 1078 (11th Cir. 1987)                    20

*Poland v. Stewart*
169 F.3d 573 (9th Cir. 1999)                    12

*Price v. Vincent*
538 U.S. 634
123 S. Ct. 1848
155 L. Ed. 2d 877 (2003)                    7

*Pulley v. Harris*
465 U.S. 37
104 S. Ct. 871
79 L. Ed. 2d 29 (1984)                    11

*Robinson v. Ignacio*
360 F.3d 1044 (9th Cir. 2004)                    8

*Schriro v. Landrigan*
__ U.S. __
127 S. Ct. 1933
167 L. Ed. 2d 836 (2007)                    7

*Solis v. Garcia*
219 F.3d 922 (9th Cir. 2000)                    21

*Sumner v. Mata*
449 U.S. 539
101 S. Ct. 764
66 L. Ed. 2d 722 (1981)                    7

*Turner v. Armontrout*
922 F.2d 492 (8th Cir. 1991)                    20

08cv1025

iv

**TABLE OF AUTHORITIES  (continued)**

1

Page

2

*United States v. LeMay*
3  260 F.3d 1018 (9th Cir. 2001)                                         12

4  *Valles v. Lynaugh*
   835 F. 2d 126 (5th Cir. 1988)                                        20

5  *Wainwright v. Goode*
   464 U.S. 78
6  104 S. Ct. 378
   78 L. Ed. 2d 187 (1983)                                              11
7

8  *Williams v. Taylor*
   529 U.S. 362
9  120 S. Ct. 1495
   146 L. Ed. 2d 389 (2000)                                              7
10
   *Windham v. Merkle*
11  163 F.3d 1092 (9th Cir. 1998)                                    12, 20

12  **Statutes**

13

14  28 U.S.C.
         § 2254(a)                                                      11
15         § 2254(b)(2)                                             12, 20
         § 2254(d)                                                       6
16         § 2254(d)(2)                                                   7
         § 2254(e)                                                       6
17         § 2254(e)(1)                                                  7
         § 2254a                                                       20

18  Antiterrorism and Effective Death Penalty Act
         Pub. L. No. 104-132, 110 Stat. 1214 (1996)                     6
19
20  Cal. Evidence Code
         § 352                                                       8, 11
21         § 1101                                                      11
         § 1101(b)                                                      8
22         § 1109                                                    8, 11

23  **Other Authorities**

24

25  CALJIC
         No. 6.00                                                    13, 14
26         No. 9.50                                                  13, 16, 17

27

28

1             **CERTIFICATE OF SERVICE BY U.S. MAIL**

2   Case Name:   **Lombardi v. Cate**           No.:  **08cv1025 H (POR)**

3   I declare:

4   I am employed in the Office of the Attorney General, which is the office of a member of the
    California State Bar, at which member's direction this service is made. I am 18 years of age or older
5   and not a party to this matter. I am familiar with the business practice at the Office of the Attorney
    General for collection and processing of correspondence for mailing with the United States Postal
6   Service. In accordance with that practice, correspondence placed in the internal mail collection
    system at the Office of the Attorney General is deposited with the United States Postal Service that
7   same day in the ordinary course of business.

8   On September 8, 2008, I served the following documents:

9         **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS;**
        **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
10        **THEREOF**

11   by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in
    the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite
12   1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

13

14   Paul Joseph Lombardi
    V-42310
15   California State Prison, Solano
    11-137L
16   P.O. Box 4000
    Vacaville, CA 95696-4000
17   In Pro Per

18

19   **Electronic Mail Notice List**
    I have caused the above-mentioned document(s) to be electronically served on the following
20   person(s), who are currently on the list to receive e-mail notices for this case: None

21   **Manual Notice List**
    The following are those who are **not** on the list to receive e-mail notices for this case (who therefore
22   require manual noticing): **Paul Joseph Lombardi**, at the above-named address.

23

24   I declare under penalty of perjury under the laws of the State of California the foregoing is true and
    correct and that this declaration was executed on September 8, 2008, at San Diego, California.
25

26         Bonnie Peak                 *Bonnie Peak*

27           Declarant                    Signature

28   SD2008700618
    80280191.wpd

1 │ EDMUND G. BROWN JR.
  │ Attorney General of the State of California
2 │ DANE R. GILLETTE
  │ Chief Assistant Attorney General
3 │ GARY W. SCHONS
  │ Senior Assistant Attorney General
4 │ DANIEL ROGERS
  │ Deputy Attorney General
5 │ KEVIN VIENNA, State Bar No. 186751
  │ Supervising Deputy Attorney General
6 │  110 West A Street, Suite 1100
  │  San Diego, CA 92101
7 │ P.O. Box 85266
  │ San Diego, CA 92186-5266
8 │ Telephone:  (619) 645-2198
  │ Fax:  (619) 645-2191
9 │ Email:  Kevin.Vienna@doj.ca.gov

10 │ Attorneys for Respondent

11

12 │        IN THE UNITED STATES DISTRICT COURT

13 │      FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 │ **PAUL JOSEPH LOMBARDI,**          │ 08cv1025 H (POR)

16 │                      Petitioner,   │ **NOTICE OF LODGMENT IN 28
   │                                    │ U.S.C. § 2254 HABEAS CORPUS**
17 │    **v.**                          │ **CASE**

18 │ **MATTHEW CATE, Secretary of the** │         *To Be Sent To*
   │ **Department of Corrections and Rehabilitation,** │  *Clerk's Office*
19 │
   │                      Respondent.
20

21

22 │        Respondent hereby lodges with the Court:

23 │        1.    Clerk's Transcript, People v. Lombardi, case number SCD177650 (one volume);

24 │        2.    Reporter's Transcript, People v. Lombardi, case number SCD177650 (five volumes);

25 │        3.    Appellant's Opening Brief, People v. Lombardi, case number D047173;

26 │        4.    Respondent's Brief, People v. Lombardi, case number D047173;

27 │        5.    Appellant's Reply Brief, People v. Lombardi, case number D047173;

28 │        6.    Opinion, People v. Lombardi, case number D047173;

7.    Petition for Review, People v. Lombardi, case number S150421;

8.    Order Denying Review, People v. Lombardi, case number S150421.

Dated:  September 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

DANIEL ROGERS
Deputy Attorney General

s/Kevin Vienna
KEVIN VIENNA
Supervising Deputy Attorney General
Attorneys for Respondent

80280134.wpd
SD2008700618

08cv1025

1           **CERTIFICATE OF SERVICE BY U.S. MAIL**

2   Case Name:   **Lombardi v. Cate**             No.:  **08cv1025 H (POR)**

3   I declare:

4   I am employed in the Office of the Attorney General, which is the office of a member of the
    California State Bar, at which member's direction this service is made. I am 18 years of age or older
5   and not a party to this matter. I am familiar with the business practice at the Office of the Attorney
    General for collection and processing of correspondence for mailing with the United States Postal
6   Service. In accordance with that practice, correspondence placed in the internal mail collection
    system at the Office of the Attorney General is deposited with the United States Postal Service that
7   same day in the ordinary course of business.

8   On September 8, 2008, I served the following documents:

9           **NOTICE OF LODGMENT IN 28 U.S.C. § 2254 HABEAS CORPUS CASE -
          TO BE SENT TO CLERK'S OFFICE**
10

11   by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in
    the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite
12   1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

13
    Paul Joseph Lombardi
14   V-42310
    California State Prison, Solano
15   11-137L
    P.O. Box 4000
16   Vacaville, CA 95696-4000
    In Pro Per
17

18   **Electronic Mail Notice List**
19   I have caused the above-mentioned document(s) to be electronically served on the following
    person(s), who are currently on the list to receive e-mail notices for this case: None
20
    **Manual Notice List**
21   The following are those who are **not** on the list to receive e-mail notices for this case (who therefore
    require manual noticing): **Paul Joseph Lombardi**, at the above-named address.
22

23
    I declare under penalty of perjury under the laws of the State of California the foregoing is true and
24   correct and that this declaration was executed on September 8, 2008, at San Diego, California.

25

26         Bonnie Peak
    _____      _____
27           Declarant                  Signature

28   SD2008700618
    80280200.wpd